## STATE v. JOHN S. CHESNEY.

No. A-4773. Opinion Filed Feb. 24, 1925.
(233 Pac. 236.)

(Syllabus.)

1. **Sunday—Power of Legislature to Impose Observance of One Day**

in Seven as Day of Rest, but not Observance of Sunday as Religious Duty. The Legislature has power to impose upon the public the civil duty of observing one day in seven as a day of rest, but it is beyond its power to impose the observance of Sunday as a religious duty.

2.    Same—Defense to Prosecution for Work on Sunday. In a prosecution under sections 1825, 1826, Comp. Stats, 1921, prohibiting servile labor on the first day of the week, with certain exceptions, it is a sufficient defense that the defendant uniformly keeps another day of the week as holy time, and does not labor upon that day, and that the labor complained of was done in such manner as not to interrupt or disturb other persons in observing the first of the week as holy time.

Appeal from County Court, Oklahoma County; James C. Cheek, Judge.

John S. Chesney was prosecuted for Sabbath breaking. On question reversed on exception to judgment for finding accused not guilty, the state appeals. Dismissed.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

Everest, Vaught & Brewer, and Brett & Brett, for defendant in error.

DOYLE, J. In this case the state appeals on question reserved upon exception taken by the prosecuting attorney to the judgment of the trial court finding the defendant not guilty of the crime of Sabbath breaking.

The Attorney General has filed a motion to dismiss the appeals, as follows:

"This is an appeal from the county court of Oklahoma county, wherein the defendant in error, John S. Chesney, was charged with Sabbath breaking. Both the defendant and the state requested immediate trial. The cause was submitted to the court and a jury waived by the defendant. The court made findings of fact and conclusions of law, and rendered a verdict of not guilty, to which the state excepted.

"No briefs have been filed by either side in this case.

"The record discloses that the defendant, John H. Chesney, resided at 307 South Harvey street, Oklahoma City, and was engaged in the grocery business, and had been engaged in the grocery business at that place for a considerable length of time, and that the store was operated by himself and his wife.

"He testified that he belonged to the religious denomination commonly called the Seventh Day Adventist Church, and that that church habitually recognizes Saturday as the Sabbath Day, and that he habitually observed Saturday as his Sabbath Day; that he closed his store on Friday evening at sundown and kept his store closed until Saturday evening at sundown; that on June 4, 1923, he had his store open and doing business in the usual manner by selling groceries and meats over the counter and continuing his operations during the day until Mr. Wright, the county attorney of Oklahoma county, entered his place of business and closed it up. He testified that he was conducting his business in a common, ordinary, usual, and orderly manner, without any unusual noise or confusion, and that on the day previous, which was Saturday, he had his store closed all day until sundown as was his usual custom and habit.

"He further testified according to his religious beliefs that the Sabbath Day is the Seventh Day of the week and begins at sundown on Friday and ends at sundown on Saturday, and that according to his faith and the tenets of his church it was necessary to keep his store closed during that period.

"This question is governed by statutes in this state, which are as follows (sections 1825 and 1826, Comp. Stats. 1921):

" 'The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking:

" 'First.  Servile labor, except works of necessity or charity.

" 'Second.  Trades, manufactures and mechanical employment.

" 'Third.  All shooting, horse racing or gaming.

" 'Fourth. All manner of public selling, or offering or exposing for sale publicly of any commodities, except that meats, bread, and fish may be sold at any time before nine o'clock in the morning, and except that food and drink may be sold to be eaten and drank upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial supplies may be sold at any time of the day.'

" 'It is sufficient defense in proceedings for servile labor on the first day of the week, to show that the accused uniformly keeps another day of the week as holy time, and does not labor upon that day, and that the labor complained of was done in such manner as not to interrupt or disturb other persons in observing the first day of the week as holy time.'

"These sections have been construed by this court, and the question in the case at bar passed upon by this court in the case of Krieger v. State, 12 Okla. Cr. 566, 160 P. 36. The syllabus of the Krieger Case is as follows:

" '1. Our Sabbath law proceeds upon the theory, entertained by most of those who have investigated the subject, that the physical, intellectual and moral welfare of mankind requires a periodical day of rest from labor, and, as some particular day must be fixed, the one most naturally selected is that which is regarded as sacred by the greatest number of citizens, and which by custom is generally devoted to religious worship, or rest and recreation, as this causes the least interference with business or existing customs.

" '2. Our Legislature has wisely and properly, however, refrained from interfering with or coercing the conscience of those who uniformly, conscientiously, and religiously keep another than the first day of the week as holy time, by exempting them from the penalties of the law; provided they work on the first day of the week in such a manner as not to interrupt or disturb other persons in observing the first day of the week as holy time.

" '3. In exempting persons who uniformly and conscientiously keep another than the first day of the week as holy time from the penalties of the statute, the Legislature intended to give them a substance and not a shadow;

hence we hold the term "servile labor," as used in our Sunday statutes, to be used as synonymous with the term "secular labor."

" '4. Courts which hold that to require Sabbatarians to keep our Sunday does not prevent them from also keeping the seventh day overlook the fact that under the divine commandment, that these people are striving to obey, it is as imperative that they work six days as that they rest on the seventh, and that, if their conscience compels them to rest one day, and the law also forces them to rest another, they will thus be forced to violate the first provisions of the commandment they are consciously attempting to keep.'

"Under the ruling of this court in the above-cited case, we think that the judgment of the lower court should be affirmed.

"We therefore respectfully submit to this honorable court that the judgment of the lower court in dismissing this cause should be affirmed, and that the appeal taken by the county attorney was not well founded, and that this case now in this court should therefore be dismissed."

The Attorney General's motion to dismiss, we think, is well founded, and for the reasons stated the appeal is dismissed.

BESSEY, P. J., and EDWARDS, J., concur.