Ex parte CECIL L. FERGUSON.

No. A-9323.    July 16, 1937.
(70 Pac. 2d 1094.)

Truman Harrison, for petitioner.

Mack M. Braly, City Atty., for respondent.

DOYLE, J. This is an application for writ of habeas corpus, wherein the petitioner alleges that he is unlawfully imprisoned and restrained of his liberty, and seeks to secure his release by order of this court from the custody of the chief of police of the city of Ada.

Petitioner alleges that he is engaged in the retail business of selling meats, groceries, and fruits at 516 East Main street, in Ada, his place of business being commonly known as "The Green Spray Market."

That he is charged with violating Ordinance No. 622 of said city, entitled:

"An Ordinance prohibiting the sale of groceries and meats on Sunday within the corporate limits of the city of Ada, Oklahoma, repealing all laws and ordinances or parts of laws and ordinances in conflict herewith and declaring an emergency."

Said ordinance is as follows:

"Be it Ordained by the Board of Commissioners of the City of Ada, Oklahoma, in Regular Session Assembled, on This 2 Day of August, 1932.

"Sec. 1. It shall be unlawful and an offense for any person, or persons, owning, managing or being in charge of any grocery store, meat market or any shop, store or business house of any kind whatsoever to sell or to attempt to sell any groceries or meats on Sunday within the corporate limits of the City of Ada.

"Sec. 2. Any person who shall violate the provision of this ordinance, shall, upon conviction thereof, be punished by a fine of not less than four ($4.00) dollars, nor exceeding a sum, including both fine and costs of twenty ($20.00) dollars, and upon failure to pay such fine and costs shall be imprisoned in the city jail until such fine and cost have been paid.

"Sec. 3. All ordinances, laws and parts of ordinances and laws, in conflict herewith are hereby repealed."

Petitioner further alleges:

"That said restraint is illegal and unauthorized in that the said ordinance is not general and uniform in its operation and effect; that it does not apply to all merchants selling on Sunday commodities, articles of trade, and merchandise, and that said ordinance is special and exclusive and affects only those who sell groceries and meats on Sunday and constitutes class legislation; that it is an attempt on the part of the city officials to regulate private business and industry; that said ordinance is inconsistent with and in conflict with and is repugnant to the general statutes of the state of Oklahoma covering the same subject matter and especially with respect to section 2564 of the Oklahoma Statutes of 1931; that said ordinance, if enforced, would constitute an invasion of plaintiff's property rights and cause irreparable loss and damage; that the same is a violation of the Fourteenth Amendment of the Constitution of the United States and in effect takes away his property rights without due process of law."

The facts stipulated constitute a violation of said ordinance on the part of the petitioner, and the only question for determination is its validity.

The city of Ada is a city of the first class and is under a charter form of government adopted under the authority of section 3(a), article 18, state Constitution.

Under the constitutional provision, any city containing a population of more than 2,000 inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this state, and a city adopting a charter is accorded full power of local self-government, and as such municipal corporation, under its charter it has power to enact, ordain, and enforce ordinances for the purpose of protecting the public peace, order, health, morals, and safety of the inhabitants, even though general statutes exist relating to the same subjects. Shinn v. Oklahoma City, 59 Okla. Cr. 433, 61 Pac. 2d 1126.

The courts of this state have uniformly held that the provisions of a charter adopted and approved in accordance with such constitutional provision become the organic law of such municipality and supersede the laws of the state in conflict therewith in so far as they attempt to regulate merely municipal matters. In re Simmons, 4 Okla. Cr. 662, 112 Pac. 951.

And it has been further held that such charter provisions, where they conflict with the general laws of the state, must give away, and, while they may run current with the general laws of the state, they may not run counter thereto. State ex rel. Burns v. Linn, 49 Okla. 526, 153 Pac. 826, Ann. Cas. 1918B, 139.

In other words, a municipality may move in the same direction as the Legislature, but not contrary to nor in

an opposite direction. 3 McQuillin on Municipal Corporations, § 894; Ex parte Johnson, 20 Okla. Cr. 66, 201 Pac. 533. Ex parte Johnson, 13 Okla. Cr. 30, 161 Pac. 1097.

It is contended that the ordinance in question is invalid as contravening section 59 of article 5 of the Constitution, prohibiting class legislation, in that it does grant special privileges or immunities to some citizens and deny them to others, and is inconsistent with the fourth subdivision of section 2564, Okla. Stats. (21 Okla. St. Ann. § 908), which provides that:

"The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking:

"First. Servile labor, except works of necessity or charity.

"Second. Trades, manufactures and mechanical employment.

"Third. All shooting, horse racing or gaming.

"Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except that meats, bread, and fish may be sold at any time before nine o'clock in the morning, and except that food and drink may be sold to be eaten and drunk upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial supplies may be sold at any time of the day."

Laws relating to the observance of Sunday have been uniformly recognized as being within the right of the Legislature to enact for the purpose of promoting the order and morals of the people and of securing their comfort, happiness, and health, and therefore as being a legitimate exercise of the police power. 25 R. C. L. p. 1416; Ex parte Johnson, 20 Okla. Cr. 66, 201 Pac. 533.

In State v. Chesney, 29 Okla. Cr. 251, 233 Pac. 236, this court held:

"The Legislature has power to impose upon the public the civil duty of observing one day in seven as a day of rest, but it is beyond its power to impose the observance of Sunday as a religious duty." Citing Krieger v. State, 12 Okla. Cr. 566, 160 Pac. 36.

The express and implied powers granted to municipalities in this state, relating to police regulations, cover a multitude of subjects, among those enumerated in the statute being to enact, ordain, alter, modify, or repeal any and all ordinances, not repugnant to the laws of the United States and the Constitution and laws of this state, as shall be deemed expedient for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, and measures affecting the health and general welfare of the community. Section 6380, St. 1931 (11 Okla. St. Ann. § 642).

In Ruling Case Law it is said:

"A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals enacted under general charter powers is not only required to be constitutional, but it must be reasonable as well; that is, the court before which it is brought must be able to see that it will tend to promote the public health, morals, safety or welfare; that the means adopted are adapted to that end, and that it is impartial in operation and not unduly oppressive upon individuals." 19 R. C. L. 805.

The general rule that municipal corporations can exercise only such powers as are either expressly conferred on them or are necessary to carry into effect the powers thus conferred applies to the enactment of ordinances regulating the observance of the Sabbath.

Counsel for both the petitioner and the respondent have filed able and elaborate briefs. In the cases cited, ordinances were considered which forbade generally the keeping open of business places or pursuing ordinary day labor on Sunday, but containing provisions excepting persons who usually observe some other day of the week as the Sabbath, and excepting works of necessity and charity, and excepting drug stores and certain other enumerated lines of business. To refer to all the cases cited by counsel would extend this opinion to too great a length.

It requires no argument to prove that there is a well-marked difference between an ordinance which forbids all secular business on Sunday, with certain clearly defined and reasonable exceptions, from one which picks out one particular business and forbids it being exercised on Sunday, but permits all other kinds of business.

In the case of City of Denver v. Bach, 26 Colo. 530, 58 Pac. 1089, 46 L. R. A. 848, the Supreme Court of Colorado held:

"An ordinance prohibiting any person, firm, or corporation to keep open, within the limits of the city, any clothing or other certain enumerated stores, or to expose or offer for sale, or give away, within the city any clothing or other articles of merchandise mentioned, on Sunday, in as far as it affects dealers in clothing, is void, as class legislation."

In the opinion it is said:

"If the ordinance can be upheld, it must be upon the ground that prohibiting keeping open stores for the sale of that character of merchandise upon that day is necessary for the welfare of the public, or other of the ends to be achieved for the promotion of which police powers may be exercised by the city under its charter. The ordinance in question does not extend to the sale of all classes of

merchandise or all avocations. Many are exempt from its provisions which are neither necessary nor charitable, because not mentioned, the sale or carrying on of which on Sunday would have precisely the same effect upon the public that the business of appellee would, and bear the same relation to the object to be attained by the ordinance that the business of appellee does. So that, although the ordinance is general in the sense that it affects alike all engaged in the business of selling clothing, it lacks the element of uniformity, in the legal meaning of that term, because it imposes upon them restrictions ostensibly for a purpose from which others are exempted, but whose business or avocation bears the same relation to the result sought to be effected by the ordinance as does that of appellee. Ex parte Jentzsch, 112 Cal. 468, 44 Pac. 803 [32 L.R.A. 664]. So that the class to which the ordinance is applicable when tested for uniformity, is all who engaged in lawful merchandising or other lawful occupations in the city, other than necessity or charity, over which it has no particular control, or whose business or avocation does not tend to promote disorder. * * *

"Experience has demonstrated that to permit class legislation where a general law can be made applicable is fraught with danger; for it frequently results that a legislative body, under the guise of a law, oppresses a class or particular avocation."

In Elliott v. State, 29 Ariz. 389, 242 Pac. 340, 46 A. L. R. 284, the Supreme Court of Arizona held:

"An ordinance prohibiting the opening on Sunday of stores in certain lines of business, and allowing the opening of those in other lines, held not a general Sunday closing ordinance, with reasonable exceptions of works of necessity and charity, but in effect one granting special privileges and immunities to certain classes, while without legal excuse denying them to others, in violation of Const. art. 2, § 13."

In the opinion it is said:

"There are many cases in which the issue above set forth has been discussed. The decisions have been as varied as the statutes on which the actions arose. But running throughout the best considered opinions we find one general principle adhered to. If the obvious purpose of the act is to grant a general day of rest to the community, even though certain works declared to be of necessity or charity are permitted, it is generally upheld. If, on the other hand, it is apparent that the intent and effect of the law is to prohibit the exercise of certain particular occupations, legitimate and laudable in themselves, while allowing other businesses, not reasonably to be distinguished from those prohibited, to be carried on freely, the statute is usually declared to be unconstitutional. Chan Sing v. Astoria, 79 Ore. 411, 155 Pac. 378."

Counsel for respondent in his brief says:

"The Missouri Supreme Court in City of St. Louis v. De Lassus, 205 Mo. 578, 104 S. W. 12, held that an ordinance prohibiting the opening of a meat shop or the selling of meats after 9:00 o'clock a. m. on Sunday was not class legislation nor discriminatory."

In the body of the opinion the court says:

"No reasonable man will insist that the exceptions in section 2244 [Mo. St. Ann. § 4352, p. 3019] in favor of the sale of articles of immediate necessity on Sunday rendered section 2243 [Mo. St. Ann. § 4351, p. 3019] void as unequal and arbitrary; on the contrary, it might well be contended that, in the absence of such qualification, the law was arbitrary and unjust in itself. When the municipal assembly came to the consideration of this statute as applied to the conditions of a great and populous city, doubtless it was confronted with the question: What were and are acts of necessity and charity? And it must have occurred to that body that thousands of persons were and are dependent for their supply of meats, particularly fresh meats, upon the retail meat shops, and that thousands of them in all probability were not provided with refrigerators or cold storage in which to keep fresh meat, purchased on Saturday, fit for food on Sun-

day, especially during the hot weather. Accordingly, it was deemed proper and wise to declare and enact by a general provision that the sale of meat up to 9 o'clock in the forenoon on Sunday should be considered an act of immediate necessity, and thus relieve the vendors or proprietors of these meat shops of the burden of showing in each individual instance that the furnishing of meat to a family on Sunday morning up to 9 o'clock was an act of immediate necessity. Not only is this provision of the ordinance in question not adverse class or special legislation against the owners of these shops, but it is more properly a special dispensation in their favor, hurtful to no one, but a wise discrimination in favor of thousands of families who are dependent for their supply of meat upon these meat shops, and in no sense arbitrary. Such exceptions are to be found in general statutes throughout the different states, and have been sustained. In our opinion, the ordinance is not unconstitutional, but is a wise and salutary enactment."

We fully concur in the views expressed in the quotations from the opinions in the foregoing cases and the principles established by them.

The laws of the state operate within the limits of municipalities the same as elsewhere unless otherwise clearly provided by the statutes.

It does not appear that the ordinance as framed will promote the peace, welfare, health, or other ends for the promotion of which the police power of the city may be exercised.

It is apparent from the provisions of section 1 of said ordinance that it is inconsistent with and is in conflict with the statutes.

It will be observed that the ordinance in question does not contain the exceptions mentioned in the statute (section 2564, St. 1931 [21 Okla. St. Ann. § 908]) "that meats, bread, and fish may be sold at any time before

nine o'clock in the morning" and excepting "works of necessity or charity."

As to the invalidity of the ordinance in question, there can be no doubt on account of its repugnancy to the statute. It is apparent that the ordinance, in so far as it prohibits the sale or the attempt to sell any groceries or meats on Sunday is directed to a particular class of business, with a general exemption to all other classes.

It follows that the classification in the ordinance is arbitrary and unfair, and no substantial distinction exists between the sales prohibited and those permitted.

It is obvious that the only thing the city commissioners attempted to do in said ordinance was prohibiting the sale of "groceries or meats on Sunday within the corporate limits of the city of Ada."

It is evident from its language that the ordinance is not a general Sunday closing ordinance with reasonable exceptions, but a special one, aimed without any apparent legitimate reason at a class of business, with a general exemption to all other classes, and does, therefore, in effect grant special privileges and immunities to certain classes of citizens, while, without legal excuse, denying them to others.

For the foregoing reasons, we are of opinion that said ordinance is void because in violation of the Constitution (article 5, § 59) prohibiting a special law where a general law can be made applicable, and it is inconsistent with the laws of the state.

It follows that the petitioner is entitled to a discharge from the imprisonment from which he complains, and he is therefore by the judgment of this court discharged therefrom.

DAVENPORT, P. J., and BAREFOOT, J., concur.