## Ex parte M. C. HODGES et al.

No. A-9530. Sept. 23, 1938.
(83 P. 2d 201.)

John T. Levergood, of Shawnee, for petitioners.

Mac Q. Williamson, Atty. Gen., and Randall Pitman, of Shawnee, for the State.

DAVENPORT, P. J. This is an application for a writ of habeas corpus wherein the petitioners allege that they are unlawfully imprisoned and restrained of their liberty and seek to secure their release by order of this court from custody of the chief of police of the city of Shawnee.

Petitioners allege they are engaged in operating a grocery store in the city of Shawnee; that they are charged with violating Ordinance 554, as follows:

"Be it ordained by the Mayor and Board of Commissioners of the city of Shawnee.

"Section 1. That Section 114 of Art. 6, of Chapter 29, of the Revised Ordinance of the City of Shawnee, be and the same is hereby amended to read as follows:

"Section 114. Sunday Closing. It shall be an offense for any person, being the owners or having under their control any place of business, or business houses in the city, to open or cause the same to be opened between the hours of 12 o'clock p. m. Saturday night and 12 o'clock p. m. Sunday night, for the purpose of transacting business therein, and any person who commits such acts or permits or authorizes such acts shall be guilty of an offense. Provided, that nothing in this section shall apply to drugstores, hotels, restaurants, ice cream parlors, fruit stands, livery stables, service stations, paper plants, theatres and places of amusement. Provided further that nothing in this section shall prevent groceries and markets from selling meats, bread, fish and milk at any time before 9 o'clock in the morning.

"Section 2. That nothing in this ordinance shall operate to repeal any part or portion or section of chapter 29 of the Revised Ordinances of the City of Shawnee for 1931, and that the same shall operate to amend only the section above stated and that the amended section as herein set forth shall be treated and construed as though it had been originally set forth in said chapter.

"Be it further ordained that for the preservation of the public peace, health and safety, an emergency is deemed to exist, by reason whereof, this ordinance shall become effective and take force immediately upon its passage and approval."

Petitioners allege that said restraint is illegal and unauthorized, in that said ordinance is not general and uniform in its operation and effect, that it does not apply to all selling on Sunday commodities, articles of trade and

merchandise, and that such ordinance is special and exclusive and affects only those who sell groceries and meats on Sunday, and constitutes class legislation. That it is an attempt on the part of the city officials to regulate private business and industry; that said ordinance is unconstitutional with and in conflict with and is repugnant to the general statutes of the state of Oklahoma governing the same subject matter and especially section 2564, O. S. 1931, 21 Okla. St. Ann. § 908. That said ordinance if enforced would constitute an invasion of petitioners' property rights and cause irreparable loss and damage; that said ordinance is a violation of the 14th Amendment to the Constitution of the United States, U.S.C.A. Const. Amend. 14, and in effect takes away their property rights without due process of law; that said ordinance is arbitrary in its operation in that it prohibits the opening on Sunday of certain lines of business, and allows the opening of those in other lines, is not general in its operation and in effect only grants special privileges and immunities to certain classes while without legal excuse denies them to others, in violation of the Constitution and laws of the state of Oklahoma in such case made and provided.

Your petitioners further show to this honorable court that they and each of them have heretofore petitioned the honorable district court of Pottawatomie county for a writ of habeas corpus, and that thereafter, and on the second day of June, 1938, a hearing was had before said court and the said district court denied these petitioners said writ and refused to discharge them from imprisonment; all of which is fully shown from the case-made of the proceedings had before said court, which is hereto attached, marked exhibit "A" and made a part hereof as written herein.

The facts stipulated constitute a violation of said ordinance on the part of the petitioners, and the only ques-

tion to be determined is the validity of the ordinance. The city of Shawnee is a city of the first class, and is organized and operating under a charter form of government, under the authority of section 3 (a) art. 18, state Constitution, Okla. St. Ann. Const. art. 18, § 3 (a).

1. Under the constitutional provisions any city containing a population of more than 2,000 inhabitants may frame a charter form of government, consistent with the support of the Constitution and laws of the state of Oklahoma, and a city adopting a charter is accorded full power of local government, and as said municipal corporation under its charter it has power to enact ordinances and enforce ordinances for the purpose of protecting public peace, order, health, morals and safety of the inhabitants, even though general statutes exist regulating the same subjects. Shinn v. State, 59 Okla. Cr. 433, 61 P. 2d 1126.

2. The courts of this state have uniformly held that the provisions of a charter adopted and approved in accordance with such constitutional provisions becomes an organic law of such municipality and supersedes the laws of the state in conflict therewith in so far as they attempt to regulate municipal matters. In re Simmons, 4 Okla. Cr. 662, 112 P. 951.

It has also been further held that such charter provisions, where they conflict with the general laws of the state must give way, and while they may run concurrent with the general laws of the state they must not run counter thereto. State ex rel. Burns v. Linn, 49 Okla. 526, 153 P. 826; Ann. Cas. 1918B, 139. In other words a municipality may move in the same direction as the Legislature but not contrary to or in opposite directions. 3 McQuillin on Municipal Corporations, sec. 894; Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533; Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097.

Petitioners contend that the ordinance in question is invalid, as contravening section 59, art. 5, of the Consti-

tution, Okla. St. Ann. Const. art. 5, § 59, which prohibits class legislation, in that it does grant special privileges and immunities to some citizens and denies them to others and is inconsistent with the fourth sub-division of section 2564, O. S. 1931, 21 Okla. St. Ann. § 908, which provides:

"The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking:

"First. Servile labor, except works of necessity or charity.

"Second. Trades, manufacturers and mechanical employment.

"Third. All shooting, horse racing and gaming.

"Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except that meats, bread, and fish may be sold at any time before nine o'clock in the morning, and except that food and drink may be sold to be eaten and drank upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial supplies may be sold at any time of the day."

Courts have uniformly recognized laws relating to the observance of Sunday as being within the rights of the Legislature to enact for the purpose of promoting order, and the morals of the people, and of securing their comfort, happiness and health, as being legitimate exercise of the police power. 25 R.C.L. 1416; Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533.

The Legislature also has the power to impose upon the public the civil duty of observing one day out of seven to rest. It is beyond the power of the Legislature to impose the observance of Sunday as a religious duty. Krieger v. State, 12 Okla. Cr. 566, 160 P. 36.

The expressed or implied powers granted to municipalities of the state relating to police regulations embrace a multitude of subjects, those enumerated in the statute

to enact, ordain, modify or repeal any and all ordinances not repugnant to the laws of the United States and the Constitution and laws of this state as shall be deemed expedient for the good government of the city, the preservation of the peace, and good order; and the suppression of vice and immorality, and measures affecting the health and general welfare of the community. Section 6380, O. S. 1931, 11 Okla. St. Ann. § 642.

In 19 R.C.L. 805, it is said:

"A municipal ordinance of a regulatory nature in contravention of the general rights of individuals enacted under general charter powers is not only required to be constitutional, but must be reasonable as well; that is, the court before which it is brought must be able to see that it will tend to promote the public health, morals, safety or welfare; that the means adopted are adapted to that end, and that it is impartial in operation and not unduly oppressive upon individuals."

The general rule that municipal corporations can exercise only such powers as are either expressly conferred on them or are necessary to carry into effect the powers thus conferred applies to ordinances regulating the Sabbath.

Counsel for petitioners, and respondent have filed briefs. In the cases cited ordinances have been considered which forbade generally the keeping open a business place or pursuing ordinary day labor on Sunday, containing provisions excepting persons who usually observe some other day as Sabbath, and excepting works of necessity and charity.

The petitioners in their argument insist that the ordinance in question is unconstitutional for the reason it permits certain classes of business to remain open on the Sabbath and requires the petitioners to close their grocery store, and is a violation of section 2564, O. S. 1931, 21 Okla. St. Ann. § 908, in this, that the ordinance permits

drugstores to remain open on Sunday, which is not granted by the section of the statute, supra. They insist that the provision of the section only permits drugs, medicines, milk, ice and surgical appliances and burial supplies to be sold at any time during the Sabbath, but does not permit drugstores to remain open and sell anything they have in stock.

The petitioners further state that it is common knowledge that drugstores are now selling everything from footballs, baseballs, and hardware of different kinds, toys, and a great many of them sell certain kinds of dry goods, and that the ordinance is a violation of the statute, and void. They further insist the ordinance is void for the reason it permits hotels and restaurants to remain open all of the Sabbath Day when the statute permits only that food and drink may be sold to be eaten and drunk upon the premises where sold.

It would serve no useful purpose to set out in full the authorities cited upon which the respondent relies to sustain the ordinance, or upon which the petitioners rely to sustain their position that the ordinance is void for the reason that it grants to certain parties privileges not authorized by the general statutes of the state of Oklahoma, and denies the petitioners herein the right to sell groceries on the Sabbath Day.

This question was fully discussed in Ex parte Ferguson, 62 Okla. Cr. 145, 70 P. 2d 1094, and authorities therein cited. It is apparent from the provisions of the ordinance in question that it is inconsistent with and is in conflict with the statute. There can be no doubt of invalidity of the ordinance on account of its repugnancy to the statute. It is clear that the ordinance, in so far as it prohibits the sale of groceries by the petitioners, is directed at a particular class of business with an exemption to another class, prohibiting the petitioners from opening their place of business and selling groceries on

Sunday and permitting drugstores to remain open all day. It would seem from the ordinance that the only thing the commissioners attempted to do in said ordinance was to prohibit certain classes of business from opening on Sunday and granting to others the privilege to remain open. The language of the ordinance shows it is not a general Sunday closing ordinance but a special one directly aimed without any apparent legal reason at certain classes of business with a general exception to another class and does therefore in effect grant special privileges and immunities to certain classes of business with a general exception to another class and does therefore in effect grant special privileges and immunities to certain classes of business while without legal excuse denying them to others.

For the foregoing reasons we are of the opinion that the said ordinance is void because in violation of the Constitution (art. 5, § 59, Okla. St. Ann. Const. art. 5, § 59), prohibiting special laws where a general law can be made applicable, and is inconsistent with the laws of the state. Ex parte Ferguson, supra.

It follows that petitioners are entitled to a discharge from the imprisonment from which they complain, and they are therefore by the judgment of this court discharged therefrom.

DOYLE and BAREFOOT, JJ., concur.