## Ex parte ART JOHNSON.

No. A-10423. Sept. 22, 1943.

(141 P. 2d 599.)

Mathers & Mathers, of Oklahoma City, for petitioner.

A. L. Jeffrey, Municipal Counselor, and Granville Scanland, Asst. Municipal Counselor, both of Oklahoma City, for respondent.

JONES, P. J.   The city of Oklahoma City is operating under a charter commission form of government. Under the general powers granted to it by its charter, it passed an ordinance pertaining to the barber business as follows:

"8-27.   Barber Shop.   Closed on Sunday.   It shall be unlawful and an offense for any person to keep open any shop or place of business in said city, for the purpose of carrying on the business of barbering, or to engage in such business, on the first day of the week, commonly called Sunday."

On Sunday, May 30, 1943, the petitioner, Art Johnson, who operates a barbershop with a beauty parlor in the rear, was arrested while shaving a man in his shop. The beauty shop was in a separate room and the beauty operators did not work on Sunday.   The facts disclose that petitioner did not observe any day of rest during the week, but was attempting to perform barber work on all

seven days with prices increased for Sunday work to 75 cents for a haircut and 40 cents for a shave. Petitioner was charged and convicted in the municipal court of violating the above ordinance. He refused to pay the fine which was imposed and was committed to jail. This original proceeding in habeas corpus was instituted in this court asking that he be discharged and attacking the validity of said ordinance, contending as follows:

(1) That said ordinance is class legislation.

(2) That said ordinance is in conflict with and inconsistent with 21 O.S. 1941 § 908.

(3) That said ordinance denies petitioner equal protection of the law and takes his property without due process of law and is therefore violative of the Constitution of the United States.

It is provided by statute in Oklahoma, as follows:

"The first day of the week being by very general consent set apart for rest and religious uses, the law forbids to be done on that day certain acts deemed useless and serious interruptions of the repose and religious liberty of the community. Any violation of this prohibition is Sabbath-breaking." 21 O.S. 1941 § 907.

"The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking:

"First. Servile labor, except works of necessity or charity.

"Second. Trades, manufactures and mechanical employment.

"Third. All shooting, horse racing or gaming.

"Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except

that meats, bread, and fish may be sold at any time before nine o'clock in the morning, and except that food and drink may be sold to be eaten and drank upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial supplies may be sold at any time of the day." 21 O.S. 1941 § 908.

In the cases of Ex parte Ferguson, 62 Okla. Cr. 145, 70 P. 2d 1094, and Ex parte Hodges, 65 Okla. Cr. 69, 83 P. 2d 201, this court held ordinances of the cities of Ada and Shawnee were repugnant to the general statute of our state, above quoted, for the reason that under the general statute meats, bread, and fish may be sold before 9 o'clock on Sunday morning, and the municipal ordinances of the above cities prohibiting the selling of these commodities at any hour on Sunday, being contrary to the general statute, were invalid.

However, an examination of our general statute shows that there is no provision therein conferring the right to operate a barbershop or carry on the business of barbering on Sunday. The Legislature, having failed in the statutes hereinabove quoted, to specifically grant the right to barbers to engage in their business on Sunday, it was left open to cities, under their general powers of government, to pass ordinances prohibiting this work on Sunday so long as such ordinance applied equally to all within a class. Blackledge v. Jones, 170 Okla. 563, 41 P. 2d 649; Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533.

The Oklahoma Legislature, in 1937, enacted the "Barbers Unfair Trade Practices Law" (59 O.S. 1941 §§ 91-105). The constitutionality of this statute has been upheld by this court. Ex parte Herrin, 67 Okla. Cr. 104, 93 P. 2d 21, and by the Supreme Court of the state in Herrin v. Arnold, 183 Okla. 392, 82 P. 2d 977, 119 A. L. R. 1471.

In sustaining the validity of this statute, this court held that the public health, safety and welfare was affected by the barbering business and therefore subject to regulation under the police power of the state.

In 20 A.L.R. 1114 it is stated:

"Special laws prohibiting barbering on Sunday have been sustained by the courts in a majority of the cases."

Following this quotation are a large number of citations of cases from various states which have sustained ordinances or general statutes prohibiting barbering on Sunday.

The minority view is also set forth in this annotation, but the cases therein cited do not rule the particular ordinance involved in each of them unconstitutional because the Legislature or municipality was without constitutional authority to designate the Sabbath as a day of rest, but rather these statutes were held invalid because of the constitutional inhibition against class legislation.

One of the best cases in support of the majority view is McClelland v. City of Denver, 36 Colo. 486, 86 P. 126, 10 Ann. Cas. 1014. In the body of the opinion in that case it is stated:

"The experience of centuries has demonstrated the necessity of periodical cessation from secular labor. This rule of conduct with respect to secular pursuits is recognized by the entire civilized world as essential to the physical and moral welfare of society. Sunday ordinances are therefore generally sustained as constitutional upon the theory that, for the purpose of promoting the general welfare of the inhabitants of a city, it is necessary that their usual and ordinary avocations, except those of necessity or charity, should be suspended upon the Sabbath Day, and that for this reason such ordinances are within the domain of the police power of the municipality enacting

them. [City of] Denver v. Bach, 26 Colo. 530, 58 P. 1089, 46 L.R.A. 848; 27 Enc. of Law, 390; Cooley's Const. Lim. *588. This is settled by a practically unbroken line of decisions. The only question upon which there may be said to be a conflict of authority in so far as constitutional questions are involved with respect to the ordinance in question, is the one relating to the inhibition against class legislation. * * * Keeping open places of business on Sunday, works of necessity and charity excepted, is a public and serious interference with the observance of the day. Such conduct is offensive to the moral sense of the community. It disturbs the peace and good order of society, and invites others to violate the law on the subject. The stability of government, as well as the welfare and interest of society, render it necessary that the day of rest should be uniform, and that its observance should be compulsory, not by way of enforcing the conscience of those upon whom the law operates, but by way of protection to those who desire, or are entitled to the day, and who, unless protected by a law requiring usual secular pursuits to be suspended at regularly recurring intervals, would be deprived of the full benefits which the law contemplates shall result from the observance of Sunday as a day of rest."

The petitioner contends that the ordinance is discriminatory, and therefore class legislation in that it prohibits the business of barbering while allowing baseball games, honky-tonks, eating places and beauty shops to operate on Sunday. It is conceded that the business of carrying on a barbershop is in every respect legitimate and respectable. However, the business is purely secular and cannot be classed as a work of necessity or charity. The ordinance is general in its terms. It applies to all barbers alike and does not attempt to classify them.

In McDermott v. City of Seattle et al., D.C., 4 F. Supp. 855, 856, McDermott contended that the Seattle ordinance was discriminatory because it did not include

beauty parlors. This contention was disposed of in the following language:

"The charge that the ordinance is discriminatory in that beauty parlors and hairdressing establishments are not included, fails. The difference between the activity in beauty parlors and the general practice of barbering, as defined by statute (sections 8278-1 to 8278-4, Rem. Rev. Stat. of Washington), is obvious. Any reasonable basis for classification, not purely arbitrary is within the legislative power, and, if a basis can be reasonably conceived, such must be assumed at the time of enactment, even if not made with mathematical nicety, resulting in some inequality. Lindsey v. Natural Carbonic Gas Company, 220 U.S. 61, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160. If a law suppresses an evil where it is most felt, the prohibition need not be all-embracing. Keokee Consolidated Coke Company v. Taylor, 234 U.S. 224, 227, 34 S. Ct. 856, 58 L. Ed. 1288. Failure to extend the ordinance to beauty parlors, etc., which have their own conditions and circumstances, does not create an arbitrary discrimination against barber shops. Miller v. Wilson, 236 U.S. 373, 35 S. Ct. 342, 59 L. Ed. 628, L.R.A. 1915F, 829. Strict conformity of an ordinance to express specific legislative grant is no more amenable to judicial review than state law. Roach v. Ephren, 82 Fla. 523, 90 So. 609; State v. Wilson, 101 Kan. 789, 168 P. 679, L.R.A. 1918B, 374."

The Legislature of this state has delegated to cities the power to legislate by ordinance on the subject of Sunday closing in any way which is not in conflict with the state or Federal Constitution, or with general statutes hereinabove quoted. So long as the ordinances enacted are not violative of the powers given, they should not be overruled or nullified by the courts, but their repeal must be by the representatives of the people of the city elected as their councilmen. As was stated in the case of Ex parte Johnson, supra [20 Okla. Cr. 66, 201 P. 536]:

"The express and implied powers granted to municipalities in this state, relating to police regulations, cover a multitude of subjects, among those enumerated in the statutes being to enact, ordain, alter, modify, or repeal any and all ordinances, not repugnant to the laws of the United States and the Constitution and laws of this state, as shall be deemed expedient for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, and measures affecting the health and general welfare of the community. Section 572, R. L. 1910, et seq., [11 O.S. 1941 § 642 et seq.]. Where such powers are delegated to municipalities in general terms, the lawmaking power is not limited to the treatment of subjects specifically named, but there is the implied power of determining, within the bounds of reason, when any specific act or omission is deemed to be inimical to the good order or general welfare of the community.

"It is well recognized in this country that the cessation from ordinary labor one day in seven is a salutary regulation, calculated to promote the peace, health, and good order of the people. We hold, therefore, that the regulation or prohibition of Sunday amusements is not unreasonable, and is a necessarily implied power granted to municipalities under the Constitution, statutes, and charter of the city, in the exercise of its police power. 3 Dillon on Municipal Corporations (5th Ed.) § 719."

In our opinion the ordinance here in question is not class legislation, does not confiscate nor impair the value of the property of the accused in the sense that it deprives him of his property without due process of law, and is not in violation of any constitutional right or privilege granted to him by any general statute. It so happens that the great majority of the citizens desire to observe the Sabbath Day as the day of rest. It is not because of any desire of the Legislature to impose upon the conscience of any individual this so-called religious principle, but rather a declaration by the Legislature that the public health,

safety and morals would better be served by the enforcement of one day of rest from all secular activities each week.

For the reasons hereinafter stated, the petition for writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.