## Ex parte RICHARD PAPPE.

No. A-11139.   Dec. 15, 1948.
(201 P. 2d 260.)

Louis V. Woodruff, of Kingfisher, Whitten & Whitten, of Oklahoma City, for petitioner.

Shutler, Shutler & Bradley, of Kingfisher, for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Richard Pappe, Jr., to secure his release from confinement in the city jail of the city of Kingfisher.

In the verified petition it is alleged that on July 4, 1948, the petitioner was charged with selling beer for consumption on the premises of seller between the hours of 1:40 p.m. and 9:30 p.m., contrary to the provisions of

Ordinance No. 444 of the city of Kingfisher, Oklahoma; that said ordinance is null and void, contrary to and conflicting with the laws of the State of Oklahoma. Petitioner further alleged that on August 28, 1948, his case came on for trial and that the evidence introduced affirmatively showed that the liquid which he sold at the time in question did not have an alcoholic content in excess of 3.2 per cent by weight; that on September 20, 1948, the court rendered judgment, finding petitioner guilty of violating the provisions of Ordinance No. 444 of the city of Kingfisher, assessed a fine of $20 and in default of payment of said fine, further committed the petitioner to the city jail until such fine was paid at the rate of $1 per day for each day served in the jail. The petitioner further alleged that said fine was not paid and he was taken into custody by the chief of police and placed in the city jail where he is now unlawfully restrained of his liberty.

A copy of the city ordinance in question is attached to the petition. This ordinance prohibits the selling or giving away of beer either in draught, bottles or cans between 12:00 a.m. on Sunday and 6:00 a.m. on Monday of each week for consumption on the premises of the seller or donor.

A rule to show cause was issued and a hearing held before this court, at which time the issues were presented upon a stipulation of facts signed by the interested attorneys. This stipulation in substance stated that Ordinance No. 444 of the city of Kingfisher is the only Sabbath-breaking ordinance in full force and effect in the city of Kingfisher; that the petitioner, on Sunday, July 4, 1948, between the hours of 1:40 p.m. and 9:30 p.m., did sell a beverage commonly called 3.2 beer which did not contain more than 3.2 per cent of alcohol by weight;

that petitioner has a valid license issued by the Oklahoma Tax Commission to sell beverages containing not more than 3.2 per cent of alcohol by weight, and in addition has a valid license to sell such beverages both in Kingfisher county and in the city of Kingfisher, Okla.; that the petitioner was arrested, tried, and committed into the custody of the chief of police as set out in his petition; that the sole question to be determined in this habeas corpus proceeding is the validity of Ordinance No. 444, of the city of Kingfisher and its application to the facts in this case.

The city of Kingfisher is a city of the first class and is operating under a charter form of government adopted under the authority of section 3(a), art. 18 of the State Constitution.

In the case of Ex parte Hodges et al., 65 Okla. Cr. 69, 83 P. 2d 201, 203, this court stated:

"Under the constitutional provisions any city containing a population of more than 2,000 inhabitants may frame a charter form of government, consistent with the support of the constitution and laws of the State of Oklahoma, and a city adopting a charter is accorded full power of local government, and as said municipal corporation under its charter it has power to enact ordinances and enforce ordinances for the purpose of protecting public peace, order, health, morals and safety of the inhabitants, even though general statutes exist regulating the same subjects. Shinn v. Oklahoma City, 59 Okla. Cr. 433, 61 P. 2d 1126.

"The courts of this state have uniformly held that the provisions of a charter adopted and approved in accordance with such constitutional provisions becomes an organic law of such municipality and supersedes the laws

of the state in conflict therewith in so far as they attempt to regulate municipal matters. In re Simmons, 4 Okla. Cr. 662, 112 P. 951.

"It has also been further held that such charter provisions, where they conflict with the general laws of the state must give way, and while they may run concurrent with the general laws of the state they must not run counter thereto. State ex rel. Burns v. Linn, 49 Okla. 526, 153 P. 826; Ann. Cas. 1918B, 139. In other words a municipality may move in the same direction as the legislature but not contrary to or in opposite directions. 3 McQuillin on Municipal Corporations, section 894; Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533; Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097."

The petitioner contends that the city ordinance of Kingfisher is inconsistent with and contrary to the general law of the state.

Tit. 21 O.S. 1941 § 908 provides:

"The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking:

"First. Servile labor, except works of necessity or charity.

"Second. Trades, manufacturers and merchanical employment.

"Third. All shooting, horse racing or gaming.

"Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except that meats, bread, and fish may be sold at any time before nine o'clock in the morning, and except that food and drink may be sold to be eaten and drank upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial supplies may be sold at any time of the day."

In 1942, the city of Ardmore operating under a home rule charter similar in its provisions to that under which the city of Kingfisher is operating, passed an ordinance prohibiting the sale on Sunday of beer containing not more than 3.2 per cent of alcohol by weight. In the case of Sparger v. Harris, 191 Okla. 583, 131 P. 2d 1011, the Supreme Court of Oklahoma held that said ordinance was invalid as being contrary to the Sabbath-breaking statute hereinabove set forth which specifically provided as an exception in subdivision four that food and drink may be sold to be eaten and drunk upon the premises where sold. That by legislative definition 3.2 beer had been classified as nonintoxicating and that no distinction could be drawn between the sale of such beverage and any other drink on Sunday.

Subsequent to the decision in Sparger v. Harris, supra, the State Legislature passed a law prohibiting the sale of beverages containing more than one-half of one per cent of alcohol by volume and not more than 3.2 per cent of alcohol by weight for consumption on the premises between hours of 12:00 o'clock midnight and 7:00 o'clock a. m. excepting Saturday nights when such beverages may not be sold between the hours of 2:00 o'clock a.m. and 12:00 o'clock noon on Sundays. Laws 1943, p. 109, Title 37, Ch. 2A, Sec. 3, 37 O.S. Supp. § 213.

Counsel for the respondent contend that the ordinance in question does not run contrary to any state law and that under a valid exercise of police power, the city had the lawful right to prohibit the sale of 3.2 beer on Sunday because of its potential evil consequences, which day has been set apart by the state law and by general custom of the people as a day of rest.

Courts have uniformly recognized laws relating to the observance of Sunday as being within the right of the Legislature to enact for the purpose of promoting order, protecting the morals of the people, and of securing comfort, happiness and health, and as being a legitimate exercise of the police power. Ex parte Johnson, 77 Okla. Cr. 360, 141 P. 2d 599.

In the case of Ex parte Hodges, supra, and Ex parte Ferguson, 62 Okla. Cr. 145, 70 P. 2d 1094, this Court held that ordinances of the cities of Shawnee and Ada were repugnant to the general Sabbath-breaking statute of Oklahoma above quoted, for the reason that under the general statute, meats, bread, and fish may be sold before 9:00 o'clock on Sunday morning, and the ordinances of the above cities prohibiting the selling of these commodities at any hour on Sunday were contrary to the general statute, and therefore invalid.

As hereinabove pointed out, the Oklahoma Legislature, subsequent to the decision of the Supreme Court in Sparger v. Harris, supra, specifically considered the question of the advisability of forbidding the sale of 3.2 per cent beer on Sundays, and after a thorough consideration of the matter, prohibited its sale during the Sunday morning hours as shown by the statute hereinabove quoted.

The Legislature by thus speaking has laid down the rule which will control in both urban and rural communities pertaining to the Sunday sale of this beverage. The state having thus invaded this field and passed an act pertaining to the sale of this beverage on Sunday, a municipality may not pass any ordinance that conflicts with the general statute.

If the contention of respondent should be sustained, it would in effect be holding that each municipality in this state could determine for itself just when and where 3.2 beer could be sold.

The legislative act not only prohibited the sale of beer between certain hours on Sunday, but also from midnight to 7:00 a.m. on each week day. If a municipality may, contrary to the general law of the state, prohibit the sale of beer at any time on Sunday on the sole ground that it is for the protection of the public health, safety, and morals, then such reasoning would also sustain their action in prohibiting the sale of beer on any night of the week, or some municipalities might under such power decide to close beer joints all day on Wednesdays, or some, if this court should say they had the power, might prohibit the sale of beer at any time.

For this court to uphold such doctrine would in effect be granting local option to each community in the state to determine for itself whether it wished to have the sale of 3.2 beer on any day of the week. That is the field of the Legislature. The wisdom of legislative acts is not a matter for the courts to determine. Legislative power not wisdom is the concern of the courts.

It is our conclusion that the passage by the Legislature, in 1943, of a general law pertaining to the sale of beverages containing not more than one-half of one per cent of alcohol as measured by volume and not in excess of 3.2 per cent of alcohol as measured by weight on Sundays, that no municipality of this state may pass a Sunday closing ordinance contrary to such general law, and for that reason Ordinance No. 444 of the city of Kingfisher is invalid.

The question has been raised in the response filed on behalf of the city of Kingfisher that habeas corpus is not the proper remedy to test the validity of the city ordinance. This court has held that where a person complains that he is being illegally deprived of his liberty, or unlawfully imprisoned, it is the court's duty on habeas corpus to inquire into the cause of the restraint, and if such imprisonment is illegal, to discharge the petitioner. In following this rule, the court has considered the validity of city ordinances where the basis for the confinement of the accused has been a violation of a municipal ordinance. Ex parte Johnson, supra; Ex parte Hodges, supra; Ex parte Ferguson, supra.

It is therefore ordered that the petitioner be discharged from the imprisonment from which he complains.

BAREFOOT, P. J., and BRETT, J., concur.