Dear Honorable Duckett,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Does the language in Section 74 of Enrolled House Bill No. 1118 of the 40th Legislature, to be codified at 37 O.S. 590 (1985), providing that a county ballot proposition of the question of liquor by the drink must designate "those days or portions of days, if any, on which sales of alcoholic beverages by the individual drink are not authorized," vest in a county the power to establish the hours during which retail sale of alcoholic beverages by the individual drink for on premises consumption may not occur?
 2. Do the provisions of Section 3 of Enrolled House Bill No. 1118 of the 40th Legislature, to be codified at 37 O.S. 503(B) (1985), authorize municipalities with populations of 35,000 or more to enact ordinances which would prescribe different hours during which it would be unlawful to conduct the retail sale of alcoholic beverages by the individual drink for on premises consumption other than those contained in 37 O.S. 591(A) (1985)?
Enrolled House Bill No. 1118 of the 40th Oklahoma Legislature, to be codified at 37 O.S. 501 et seq. (1985) and which will be known as the Oklahoma Alcoholic Beverage Control Act, contains a comprehensive recodification of Oklahoma's liquor laws intended to implement ArticleXXVIII of the Oklahoma Constitution which, among other things, authorized for the first time in Oklahoma history the retail sale of alcoholic beverages by the individual drink for on premises consumption. (Hereinafter, any references to sections of Enrolled House Bill No. 1118 shall be by reference to its intended codification.)
Title 37 O.S. 590 (1985) provides in pertinent part as follows:
 "At the time such election [on the question of authorizing liquor by the drink] is called, the proposition shall include those days or portions of days, if any, on which sales of alcoholic beverages by the individual drink are not authorized." (Emphasis added).
The resolution of your question depends upon whether the phrase "portions of days" contained in 37 O.S. 590 can be construed to vest in counties the power to establish the hours during which it would be impermissible in that county to offer the retail sale of alcoholic beverages by the individual drink for on premises consumption. In construing this phrase it is helpful to cite 37 O.S. 591(B) (1985) which mirrors the language in Okla. Const. Article XXVIII, Section 6, and provides as follows:
 "Counties that elect to authorize sales of alcoholic beverages by the individual drink may designate any or all of the following days as days or portions thereof
on which the sales of alcoholic beverages are not authorized:
 "1. On the first day of the week, commonly called Sunday;
 "2. On the day of any national, state, county or city election, including primary elections, during the hours the polls are open; and
 "3. On Decoration or Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day." (Emphasis added).
It is well established that "when construing statutes, all relevant provisions must be considered together, where possible, so that force and meaning is given to each." Dana P. v. State. 656 P.2d 253, 258 (Okla. 1982). In this instance, when the phrase in 37 O.S. 590 "or portions of days" is read in light of the power to designate described in 37 O.S.591(B), it is clear that the Legislature intended to vest in counties the power to set the hours during which the retail sale of alcoholic beverages by the individual drink for on premises consumption will be disallowed only on those days designated in 37 O.S. 591(B). Thus, the phrase "those days or portions of days" in 37 O.S. 590 must be construed to be limited to those days or portions of days enumerated in 37 O.S. 591 and not as a general power to designate the hours during which retail sale of alcoholic beverages by the individual drink would not be authorized.
In this regard, it is important to note that "a county being an involuntary, subordinate political subdivision of the state, created to aid in the administration of governmental affairs of said state, and possessed of a portion of the sovereignty, has no inherent powers but derives those powers solely from the state." Herndon v. Anderson,25 P.2d 326, 329 (Okla. 1933). Moreover, counties "possess, and can exercise, only those powers granted in express words or necessarily or fairly implied or incidental to the powers expressly granted." Shipp v.Southeastern Oklahoma Industries Authority, 498 P.2d 1395, 1398 (Okla. 1972). Title 37 O.S. 590 (1985) does not explicitly or by necessary implication vest in counties the general power to establish the hours during which the retail sale of alcoholic beverages by the individual drink for on premises consumption will not be allowed.
We, therefore, must conclude that 37 O.S. 590 (1985) does not vest in counties the power to designate the hours during which the retail sale of alcoholic beverages by the individual drink for on premises consumption will not be authorized in said county. However, 37 O.S. 590 (1985) when read in light of 37 O.S. 591 (1985) does authorize county voters to establish the hours during which the retail sale of alcoholic beverages by the individual drink will not be authorized in their county on those days enumerated in 37 O.S. 591(B) (1985).
 II.
In your second question you ask whether the provisions of 37 O.S.503(B) (1985) authorize municipalities with populations of 35,000 or more to enact ordinances establishing the hours during which it will be unlawful to offer the retail sale of liquor by the drink for on premises consumption. Title 37 O.S. 503(B) (1985) provides in pertinent part as follows:
 "Municipalities with populations of thirty-five thousand (35,000) or more inhabitants are authorized to enact ordinances consistent with the provisions of the Oklahoma Alcoholic Beverage Control Act." (Emphasis added).
Title 37 O.S. 591(A) (1985) provides that:
 "No alcoholic beverages may be sold, dispensed, served or consumed on the premises of a mixed beverage licensee between the hours of 2:00 a.m. and 10:00 a.m."
Title 37 O.S. 503(B) (1985) vests in municipalities of 35,000 or more inhabitants the power to enact ordinances "consistent with the provisions of the Oklahoma Alcoholic Beverage Control Act." 37 O.S. 591 (1985) controls the hours during which alcoholic beverages may not be served or consumed on the premises of a mixed beverage licensee. Therefore, any attempt by a municipality to prescribe different hours during which it would not be allowable to offer the retail sale of alcoholic beverages by the individual drink for on premises consumption would necessarily be inconsistent with this statute, and, therefore, without the grant of power contained in 37 O.S. 503(B) (1985).
This conclusion is buttressed by the case of Ex parte Pappe, 201 P.2d 260
(Okla.Cr. 1948), wherein the Oklahoma Court of Criminal Appeals had to determine the validity of an ordinance of the city of Kingfisher which prohibited the selling of beer for on premises consumption between the hours of 12:00 a.m. on Sunday and 6:00 a.m. on Monday in light of the provisions of 37 O.S. 213 (1943) which prohibited the selling of beer for on premises consumption only between the hours of 2:00 a.m. and noon on Sunday. The Court struck down the ordinance and held in pertinent part as follows:
 "The Legislature by thus speaking has laid down the rule which will control in both urban and rural communities pertaining to the Sunday sale of this beverage. The State having thus invaded this field and passed an act pertaining to the sale of this beverage on Sunday, a municipality may not pass any ordinance that conflicts with the general statute." Ex parte Pappe, supra at 263. (Emphasis added).
Ex parte Pappe, supra, was cited with approval in 7-Eleven, Inc.v. McClain, 422 P.2d 455, 458 (Okla. 1967).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Title 37 O.S. 590 (1985) does not vest in counties the power to designate the hours during which the retail sale of alcoholic beverages by the individual drink for on premises consumption will not be authorized in said county. However, 37 O.S. 590 (1985) when read in light of 37 O.S. 591 (1985), does authorize county voters to establish the hours during which the retail sale of alcoholic beverages by the individual drink for on premises consumption will not be authorized in their county on those days enumerated in 37 O.S. 591(B) (1985).
 2. Title 37 O.S. 503(B) (1985) does not authorize municipalities with populations of 35,000 or more inhabitants to enact ordinances which would prescribe different hours during which it would be unlawful to conduct the retail sale of alcoholic beverages by the individual drink for on premises consumption other than those contained in 37 O.S. 591(A) (1985).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN D. ROTHMAN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, CIVIL DIVISION