ROWLAND, JUDGE, SPECIALLY CONCURRING:
¶1 Some may believe today's summary opinion to be about whether McNeely should have a right to appeal a pretrial immunity ruling under 21 O.S.2011, § 1289.25. It is not. It is about whether we, as an appellate court, have the power to fashion such an appeal in the absence of legislative action. We do not.
¶2 In deciding this case we confront no less an oracle than the doctrine of the separation of governmental powers, implicit in the structure of the federal constitution and explicitly stated in the Oklahoma Constitution:
The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others.
Okla. Const. art. IV, § 1.
¶3 Were this Court to craft a right of appeal from a judge or magistrate's ruling on a claim of "Stand Your Ground" immunity, it would in my view constitute legislating in derogation of the separation of powers. The fact that adding such a provision might improve the statute or better effectuate its aims is of no moment, because "it is not our place to interpret a statute to address a matter the Legislature chose not to address, even if we think that interpretation might produce a reasonable result." State v. Young, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. See also Immigration and Naturalization Service v. Chadha , 462 U.S. 919, 951, 103 S.Ct. 2764, 2784, 77 L.Ed.2d 317 (1983) ("The hydraulic pressure inherent within each of the separate Branches to exceed the outer limits of its power, even to accomplish desirable objectives, must be resisted.").
¶4 The right to appeal an order or judgment is statutory and this Court has refused to expand existing statutory appellate rights by interpretation. See, e.g., State v. Humphrey , 1947 OK CR 129, 85 Okl.Cr. 153, 155-56, 186 P.2d 664, 665 ("The right of the state to take an appeal is governed by statute and it has been held that the statutory authority cannot be enlarged by construction." (citing State v. Gray , 1941 OK CR 42, 71 Okl.Cr. 309, 111 P.2d 514 ) ). This rule applies with even more force when the question involves not just an expansion of an existing appellate right, but the creation of one which is entirely absent from the statute. "The wisdom of legislative acts is not a matter for the courts to determine. Legislative power not wisdom is the concern of the courts." Ex parte Pappe, 1948 OK CR 128, 88 Okl.Cr. 166, 173, 201 P.2d 260, 263. Appeal is a creature of statute and exists only when expressly authorized. Weatherford v. State , 2000 OK CR 22, ¶ 3, 13 P.3d 987, 988. See also White v. Coleman , 1970 OK CR 133, ¶ 11, 475 P.2d 404, 406.
¶5 Specifically, 22 O.S.2011, § 1051(a) establishes a criminal defendant's statutory right to appeal from a judgment against him or her and provides in relevant part:
An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him, which shall be taken as herein provided; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed ....
(emphasis added). An adverse ruling denying immunity under Section 1289.25 is nothing more than an intermediate order made in the *1278 progress of the case that is reviewable on direct appeal following conviction, the adequacy of relief at that time notwithstanding. The defendant has been afforded the pretrial opportunity under Section 1289.25 to make his or her case for immunity and that is all the Legislature has provided.
¶6 In State v. Ramos , No. S-2013-509 (Okla.Cr. June 9, 2015) (unpublished), the majority found that review of an adverse immunity ruling falls under this Court's original jurisdiction to issue writs of prohibition and therefore legislative action was unnecessary. Okla. Const. art. VII, § 4. The underlying reasoning focused on what the majority viewed as the unfairness of a right without an adequate remedy because the right to immunity from prosecution "is effectively lost if the defendant is erroneously forced to stand trial." As Judge Hudson's summary opinion points out, the use of the term "immune from criminal prosecution" creates some confusion as it is impossible for one to have absolute immunity from any prosecution when determination of that immunity requires at least some initial prosecution. In any event, the statute gives the accused the right to have a judge rule on his claim of immunity but I find no evidence in the text of this statute that the Legislature intended anything further in the way of interlocutory appeal.
¶7 Assuming for argument one believes such a right does exist: Exactly what are the contours of that right? Does it require an immediate appeal to this Court, or would an appeal to the trial judge or presiding District Judge suffice? Shall it be available to both parties, or only to one or the other? My point is that choices would have to be made in fashioning this right, and the selection of policy choices from among a variety of available options is the very essence of legislating. This Court has recognized:
It is our duty to declare the law as we find it, whether or not we agree as to its policies or purposes. If the law does not meet the approval of the people, they alone, either through the Legislature or the initiative, have the power to change it, not the courts. Judicial legislation is not in accord with popular institutions. Everything in nature legislative, when not incidental to judicial administration, is by express organic provision denied to the judiciary.
State ex rel. Haskell v. Huston , 1908 OK 157, ¶ 75, 21 Okl. 782, 97 P. 982, 995.
¶8 Even were it possible for this Court to create an appellate remedy without doing violence to the doctrine of separation of powers, it could not be done by extraordinary writ without doing violence to our jurisprudence in those two areas. As pointed out in today's summary opinion, one seeking a writ of prohibition must show, among other things, the exercise of judicial authority not authorized by law, but the exercise of authority by a trial judge ruling on the question of immunity is explicitly authorized by law. One seeking a writ of mandamus must show, among other things, a clear legal right to the relief sought and that the trial court is refusing to perform a plain legal duty not involving the exercise of discretion. A trial court's ruling on this issue is the very epitome of an exercise of discretion, and no defendant can show a clear legal right to relief which doesn't exist until this Court makes it exist.
¶9 Had I drafted this statute, I would likely have included some vehicle for review of the initial ruling on the question of immunity. But that belief, however well founded and sincerely held, does not equate to judicial authority where none otherwise exists. Whether or not I think the Legislature has given an accused who claims this immunity enough protection doesn't change the amount of protection the Legislature has clearly given. Where routine policy matters are concerned, garnering the support of a majority of this Court will never be an adequate substitute for garnering the support of a majority of the members of the Legislature.
¶10 Because McNeely has no legal right to interlocutory appeal from Judge LaFortune's Order, she has not shown, nor can she show, that she has a clear legal right to the relief she seeks. I agree the request for Writ of Mandamus should be denied.