ORDINANCE FOR CLOSING BUSINESS ON SUNDAY A city council may pass an ordinance compelling the closing of businesses on Sunday providing that the ordinance conforms to the laws of Oklahoma and is not in conflict with the Oklahoma Constitution. This is in response to your recent letter of January 27, 1970, wherein you, in effect, ask the following question: Is it legal for a city council to pass an ordinance compelling the closing of businesses on Sunday of each week? Title 21 O.S. 907 [21-907] and 21 O.S. 908 [21-908] (1961), state: 907 "The first day of the week being by very general consent set apart for rest and religious uses, the law forbids to be done on that day certain acts deemed useless and serious interruptions of the repose and religious liberty of the community. Any violation of this prohibition is Sabbath breaking. 908 "The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking: "First. Servile labor, except works of necessity or charity. "Second. Trades, manufactures and mechanical employment. "Third. All shooting, horse racing or gaming. "Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except that meats, bread, fish and all other foods may be sold at anytime, and except that food and drink may be sold to be eaten and drank upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial appliances and all other necessities may be sold at anytime of the day." The case of McAllen v. Maryland, 366 U.S. 420, 81 S.Ct. 1101,6 L.Ed.2d 393, expresses the general rule concerning state Sunday closing laws. The court in its opinion upheld the general law that a state Sunday closing law does not violate the constitutional prohibition of laws respecting an establishment of religion. The court reasoned that the Sunday closing laws were not motivated by religious faith but rather by constitutionally permissible police power considerations. The clear majority of cases we have examined uphold Sunday closing laws so long as the statutory scheme, viewed as a whole, is a valid one and so long as it treats all merchants alike without discriminating among competitors. Volume 91 A.L.R.2d states in an annotation found at page 765 that: "General rules of statutory construction are applicable to Sunday closing laws and the general tendency of the courts has been, and still seemingly is, to find a construction of such a statute which will prevent its invalidation . . . ." Title 11 O.S. 642 [11-642] (1961), states in part: "The mayor and council shall have the care, management and control of the city and its finances, and shall have power to enact, ordain, alter, modify or repeal any and all ordinances not repugnant to the laws of the United States and the Constitution and laws of this State, as they shall deem expedient and for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, and the benefit of trade and commerce, and the health of the inhabitants thereof, and such ordinances, rules and regulations as may be necessary to carry such power into effect." (Emphasis added) In the case of Ex Parte Johnson, 77 Okl. Cr. 360,141 P.2d 599, the Oklahoma court quoted from the case of McClelland v. City of Denver, 36 Col. 486, 86 P. 126, and stated: "The experience of centuries has demonstrated the necessity of periodical cessation from secular labor. This rule of conduct with respect to secular pursuits is recognized by the entire civilized world as essential to the physical and moral welfare of society. Sunday ordinances are therefore generally sustained as constitutional upon the theory that, for the purpose of promoting the general welfare of the inhabitants of a city, it is necessary that their usual and ordinary avocations, except those of necessity or charity, should be suspended upon the Sabbath Day, and that for this reason such ordinances are within the domain of the police power of the municipality enacting them . . ." The court in the Johnson case, supra, set out the law as it applies to Oklahoma when it stated: ". . . It is not because of any desire of the Legislature to impose upon the conscience of any individual this so-called religious principle, but rather a declaration by the Legislature that the public health, safety and morals would better be served by the enforcement of one day of rest from all secular activities each week. "The Legislature of this state has delegated to cities the power to legislate by ordinance on the subject of Sunday closing in any way which is not in conflict with the state or Federal Constitution, or with the general statutes hereinabove quoted. So long as the ordinances enacted are not violative of the powers given, they should not be overruled or nullified by the courts, but their repeal must be by the representatives of the people of the city elected as their councilmen." See also Ex Parte Johnson,20 Okl. Cr. 66, 201 P. 533. The Oklahoma courts on several occasions have held that some Sunday closing ordinances were void because they violated the Constitution which prohibits a special law when a general law can be made applicable (Article V, Section 59
Oklahoma Constitution) or because they were inconsistent with the laws of the state. See Ex Parte Ferguson,62 Okl. Cr. 145, 70 P.2d 1094, and Ex Parte Hodges, 65 Okl.Cr. 69,83 P.2d 201. Therefore it is the opinion of the Attorney General that your question should be answered in the affirmative in that a city council may pass an ordinance compelling the closing of businesses on Sunday providing that the ordinance conforms to the laws of Oklahoma and is not in conflict with the Oklahoma Constitution. (Tim Leonard)