## COMMONWEALTH *vs.* HORACE MOSCATIELLO.

Berkshire.    September 21, 1926. — October 18, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Firearms. Practice, Criminal,* Waiver, Bill of particulars, Exceptions. *Pleading, Criminal,* Complaint.

The owner and driver of an automobile, under the back seat of which on March 3, 1926, he was carrying a revolver in violation of § 10 of G. L. c. 269, as amended by St. 1925, c. 284, § 5, was complained against in a district court for carrying "a revolver without permission so to do in violation of St. 1925, c. 284, § 10." He filed no motion to quash and made no objection to the complaint in the District Court. On appeal to the Superior Court, he filed a motion to dismiss and quash the complaint because no crime was alleged in the complaint since St. 1925, c. 284, § 10, "describes two crimes with reference to the carrying of revolvers (a) Carriage in person (b) Carriage under control in a vehicle," and neither of the two above mentioned crimes was alleged in said complaint; and because the complaint was insufficient to sustain a verdict against the defendant. The motion was denied and the defendant excepted. The defendant then moved for particulars, and the district attorney stated that he would ask for a conviction on the ground that the defendant was carrying a revolver "under the cushion of the rear seat of an automobile driven by the defendant." The defendant's counsel was satisfied and did not except to a denial of the motion for particulars. *Held,* that

(1) The motion in the Superior Court to dismiss and quash the complaint came too late;

(2) The defendant, being satisfied with the statement by the district attorney, understood the charge and was not injured by the mistake in the complaint.

COMPLAINT, received and sworn to in the District Court of Central Berkshire on March 8, 1926, and described in the opinion.

Proceedings on appeal in the Superior Court before *Cox,* J., are described in the opinion. The defendant was found guilty and alleged exceptions.

*C. R. Alberti,* for the defendant.

*J. M. Shea,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. The complaint in this case, so far as material, charged that the defendant at Pittsfield, on March 3,

1926, "he being the person having under his control a certain vehicle to wit an automobile, did carry a revolver without permission so to do in violation of St. 1925, c. 284, § 10." In the District Court no objection was made to the complaint. "No motion to quash was filed." After conviction in the District Court the defendant appealed.

In the Superior Court the defendant moved to dismiss and quash the complaint, because, (1) No crime was alleged in the complaint; (2) "c. 284, § 10, St. 1925, describes two crimes with reference to the carrying of revolvers (a) Carriage in person, (b) Carriage under control in a vehicle"; and that neither of the above mentioned crimes is alleged; and (3) Because the complaint is not sufficient to sustain a verdict against the defendant. This motion was denied, and the defendant excepted. The defendant then moved for a bill of particulars. This motion was denied. The defendant did not except to this ruling. The district attorney then stated that he would ask for a conviction on the ground that the defendant was carrying a revolver "under the cushion of the rear seat of an automobile driven by the defendant." This statement was offered in lieu of a bill of particulars. The defendant's counsel agreed that this was satisfactory.

The evidence tended to show that the defendant was arrested while driving an automobile registered in his name, "for other violations of the law"; that while searching the automobile the complainant found the revolver under the back seat thereof. The bill of exceptions further recites there was additional evidence from which it could be inferred that the revolver was carried by the defendant "in his automobile in violation of the statute in question." The defendant was convicted in the Superior Court. He moved "to arrest judgment," because the evidence "does not bear out the complaint or any part thereof." The motion was denied and the defendant excepted.

An objection to a complaint for a formal defect apparent on its face must be taken before judgment is ordered by the District Court. G. L. c. 278, § 17. The defendant went to trial in the District Court without objection to the complaint

by demurrer or motion to quash. It was not until the case was in the Superior Court that he moved to dismiss the complaint. This motion came too late. Matters in abatement are waived by going to trial in the District Court without objection to the complaint. *Commonwealth* v. *Markarian*, 250 Mass. 211, 213.

The complaint refers to St. 1925, c. 284, § 10. This statute contains five sections. Section 5 strikes out G. L. c. 269, § 10, as previously amended by St. 1923, c. 248, § 1, and inserts in place thereof a new § 10. The defendant was satisfied with the statement made by the district attorney that he intended to show that the defendant was carrying a revolver under the seat of an automobile driven by the defendant. The defendant, therefore, understood the charge, and was not prejudiced by being unable to prepare his defence. G. L. c. 277, § 34. Section 35 of this chapter of the General Laws also provides that the defendant shall not be acquitted on the ground of variance between the allegation and the proof, if the essential elements of the crime are correctly stated, unless thereby prejudiced in his defence; and the defendant is not to be acquitted because of an "immaterial mistake in the indictment." The defendant was in no way harmed by the allegation of the complaint that he was charged with carrying a revolver in violation of § 10 of the statute. He knew the nature of the charge, and by answering in the affirmative the question of the court, if the statement of the District Attorney was satisfactory, he showed that he was not prejudiced in his defence. See *Commonwealth* v. *Diamond*, 248 Mass. 511, 517.

There was evidence that the defendant carried the revolver in his automobile in violation of the statute; the defendant was not injured by the mistake in the complaint, and did not seasonably file an objection to the same. As the defendant was the owner and driver of the automobile in which the revolver was found, he could be convicted. There was no error in denying the motion in arrest of judgment.

*Exceptions overruled.*