### DILLON v. CITY OF TULSA.
No. A–11990.

Criminal Court of Appeals of Oklahoma.
July 7, 1954.

Frank Leslie, Tulsa, for plaintiff in error.

H. M. Crowe, Jr., City Atty., A. A. Berringer, Asst. City Atty., Tulsa, Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error John G. Dillon, defendant below, was charged by information in the municipal criminal court of the city of Tulsa, Oklahoma, of having on July 6, 1953, violated City Ordinance Title 19, Par. 402 of the Revised Ordinances of the city of Tulsa, within the city limits, to wit, carrying a concealed weapon. The defendant was tried by the court, found guilty and his punishment fixed at a fine of $15 and judgment and sentence was entered accordingly, from which this appeal has been perfected.

A motion to suppress the evidence was made and overruled of which action the defendant complains. The facts on the motion to suppress were briefly these. About 10:00 or 11:00 p. m., on July 6, 1953, Officer Jim Hart discovered the automobile being driven by the defendant parked on the south side of the service station located at Elgin and Archer streets. He testified he saw the defendant talking on the telephone in the filling station. When they approached the automobile Officers Harp, Haus and Bivins without the aid of a flashlight observed 3 or 4 lugs of whiskey in the automobile. He knew, they were packed and wrapped in brown paper, it was whiskey. Moreover some of the lugs he related had written on them the word "Hill" which he knew signified Hill & Hill brand of whiskey. Some had the letter "G" and "gin" written out on the side of the lugs signifying gin. He further testified the officers searched the automobile and found in addition to the liquor therein, a .32 automatic pistol in the glove compartment of the automobile. He testified that when they saw the liquor in the automobile they seized the same (18 or 20 lugs in all) and that thereafter he went into the service station and arrested the defendant. The foregoing facts are undisputed. On this evidence the trial court overruled the motion to suppress. The seizure of the pistol was an incident to the seizure of the whiskey observed in the automobile. The conviction of the possession of the concealed weapon must ultimately stand or fall upon the search in which the liquor was seized. If it was lawful, then the evidence of the pistol and the testimony in relation thereto was admissible.

The following cases bear marked similarity from a factual standpoint to the case at bar. Nott v. State, 70 Okl.Cr. 432, 107 P.2d 366; Arnold v. State, 70 Okl.Cr.

203, 105 P.2d 556; Davenport v. State, 71 Okl.Cr. 91, 108 P.2d 549, wherein the officers observed the liquor through the car window and saw the whiskey lugs which were marked "J. E. P." for James E. Pepper, "W. F." for Waterfill Frazier, etc. The defendant had gone to a restaurant when the seizure was made. In the Nott case the late Judge Doyle gave an extended discussion on the question of the right to search the automobile without a warrant and sustained the search and seizure in that case. In Matthews v. State, 67 Okl.Cr. 203, 93 P.2d 549, 550, 554, intoxicating liquor was observed by the officers at Enid while checking parked cars on the streets to see if those containing valuables were locked. They observed a carton on the floor of the automobile labeled Paul Jones Whiskey. The car was seized, towed to the station, and the search disclosed 4 quarts of liquor. Later the defendant appeared at the station and was arrested. A further search of the car disclosed 5 or 6 bottles of Crab Orchard whiskey. That search and seizure was sustained. Therein this court said:

"There is no violation of the Constitutional provision against search and seizure by the search, without warrant, of an automobile standing on a public street, and seizure of intoxicating liquor in it, evidencing that a crime is being committed.

"The fact that the constitution secures the people against 'unreasonable searches and seizures' does not imply that an officer may not make a search and seizure without a warrant, where the person whose property is searched may be known or believed on reasonable grounds to be guilty of an offense.

"An offense is committed or attempted 'in the presence of an officer,' within the meaning of the law, where such officer is apprised by any of his senses that a misdemeanor is being committed by the person arrested prior to his arrest.

"A constitutional provision against unreasonable searches and seizure, does not preclude the making of a seizure without a warrant previously procured, where there is no need of a search for intoxicating liquor, because the same is fully disclosed and open to the eye.

"Whether search of, and seizure from, an automobile parked on a public street or other public place, without a warrant, is unreasonable, is to be determined as a judicial question in view of all the facts and circumstances under which it is made."

Likewise the facts in this case present a judicial question. Indisputable facts testified to by the officers was sufficient to warrant the officers in believing an offense was being committed in their presence. In view of the cricumstances of this search and seizure we are of the opinion no violation of the defendant's constitutional rights, O. S.1951 Const. Art. II, § 30, was involved. The pistol as evidence as hereinbefore set forth was not subject to a motion to quash.

Next the defendant complains that he was convicted under city ordinance, Title 19, § 402, Revised Ordinances of the city of Tulsa, reading as follows, to wit:

"It shall be and is hereby declared to be unlawful for any person in the City of Tulsa to carry concealed about his automobile, buggy, wagon, or any other vehicle, or within any saddle or saddle bag, any pistol, revolver, bowie knife, dirk knife, dagger, slungshot, sword, cane, spear, metal knucks, or any kind of knife or instrument manufactured, sold or used for the purpose of offense or defense, except as in this chapter provided."

The defendant says that the foregoing ordinance is invalid and void as a modification of or enlargement of Title 21 O.S.1951 § 1271, reading as follows, to wit:

"It shall be unlawful for any person in the State of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slungshot, sword-cane, spear, metal knuckles, or any other kind of knife or instrument manufactured or sold for the purpose of defense except as in this article provided."

The foregoing statute prohibits, among other things, the carrying of, etc., a concealed weapon on or about one's person. The foregoing city ordinance prohibits the carrying of a concealed weapon about one's automobile, buggy, wagon, etc. Thus the question presented is, does the modification of the ordinance in that manner amount to an enlargement or an addition to the statute, or does the carrying of a concealed weapon in the glove compartment of an automobile amount to carrying it in or on or about one's person. If so, there is no enlargement or modification in the language of the city ordinance. If not then the statute has been modified and enlarged. In 56 Am.Jur. 997, the law is stated as follows:

> "It has been held that a pistol placed behind or under the cushion of the seat of a vehicle or on the running board thereof was carried in violation of the statutes involved. A revolver or pistol may be considered to have been carried on or about the person where it was carried under or on the seat, on the floor, or in some other accessible part of the vehicle in which the defendant was riding or which he was driving. Even the presence of a pistol in a pocket on the door on the right-hand side of a parked car has been regarded as justifying a conviction of the driver for carrying the weapon on or about his person, where the driver was sitting on the left side of the car with another person sitting at his right. A statute declaring it unlawful to carry publicly or privately a pistol concealed upon the person is violated where a pistol is carried in a box under the driver's seat of a hack."

In 68 C.J. § 26, page 34, the rule is stated in regard to motor vehicles as follows:

> "The advent of the automobile but seems to have had some influence in connection with the rules as to the carrying of weapons in vehicles, it being quite generally held that a weapon is carried on or about the person when it is in a motor vehicle in which the accused is riding, * * *."

In Brown v. U. S., 58 App.D.C. 311, 30 F.2d 474, 475, the Court of Appeals of the District of Columbia in construing a similar statute laid down the following principles:

> "The statute prohibits the carrying of a concealed deadly or dangerous weapon 'about' the person. The word 'about' is a comprehensive term, and we must assume that Congress intended that it should be accorded such an interpretation. Had it been intended to limit the prohibition to the carrying of such a weapon on the person, it must be assumed that Congress would have used the word 'on', instead of 'about.' "

In so holding that court quoted from State v. McManus, 89 N.C. 555, as follows:

> " 'It makes no difference how it is concealed, so it is on or near to and within the reach and control of the person charged.' "

Thereafter the Court of Appeals of the District of Columbia pointed out that some other courts have taken a different view, and then said:

> " * * * but, as between an interpretation that will effectuate the obvious intent of our statute and one that will largely frustrate that intent, we unhesitatingly adopt the former. To rule that the weapon must be on the person would make possible the carrying of a deadly weapon concealed on the seat of an automobile, where it would be more readily accessible than it would be if concealed on the person. No such result is contemplated or permitted by the statute.

> "We rule, therefore, that the words 'concealed about his person,' as used in the statute, were intended to mean and do mean concealed in such proximity to the person as to be convenient of access and within reach. This, in effect, is what the court below charged."

See also Hall v. State, 102 Tex.Cr.R. 329, 277 S.W. 129, wherein the court said:

> "Appellant having the pistol in the car was sufficient to make same a vio-

, lation of the law. Mayfield v. State, 75 Tex.Cr.R. 103, 170 S.W. 308."

See also Notes to 88 A.L.R., page 807, 808; People v. Niemoth, 322 Ill. 51, 152 N.E. 537; People v. Lake, 332 Ill. 617, 164 N.E. 167; Porello v. State, 121 Ohio St. 280, 168 N.E. 135; Commonwealth v. Moscatiello, 257 Mass. 260, 153 N.E. 545; State v. Hogan, Mo.Sup., 273 S.W. 1060; State v. Renard, Mo.Sup., 273 S.W. 1057. In fact the great weight of authority places such an interpretation on the term "on or about his person" as to be inclusive of places easily accessible in an automoblie.

In light of the foregoing authorities we are of the opinion that the meaning of the ordinance and the statute are substantially the same as applied to concealment of dangerous weapons about automobiles. In fact the ordinance does not go as far as the statute. Under the ordinance a person can be convicted only of concealment about an automobile but not on his person alone, not in connection with the occupancy of the automobile. While under the statute a person may be convicted of carrying a concealed weapon on or about his person where the same is concealed in an easily accessible place within an automobile. In Johnson v. City of Tulsa, Okl.Cr., 258 P.2d 695, 696, it was held:

"An ordinance passed by a city acting under charter provisions, which conflicts with the general laws of the State, must give way, and while it may run concurrent with the general laws of the State, it may not run counter thereto."

To the same effect is Ex parte Hodges, 65 Okl.Cr. 69, 83 P.2d 201; Shinn v. Oklahoma City, 59 Okl.Cr. 433, 61 P.2d 1126, and in numerous other cases the rule is similarly announced. Thus ordinance, Title 19, § 402, Revised of the City of Tulsa, runs concurrent with the general law of the State, and not counter to the provisions of Title 21, O.S.1951 § 1271. The judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.