George Allen **JOHNSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. PC–73–179.

Court of Criminal Appeals of Oklahoma.

April 5, 1974.

George Allen Johnson, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

This is a post conviction appeal from a judgment and sentence rendered in the District Court, Oklahoma County, Case

No. CRF–69–2759, wherein George Allen Johnson, hereinafter referred to as defendant, entered a plea of guilty to the crime of Robbery with Firearms, and was sentenced to serve fifty (50) years imprisonment.

The thrust of defendant's contentions contained in the application for post conviction relief are that he was allowed to enter a plea of guilty to a capital offense only 14 hours after his arrest; and that he was denied due process by the haste in which he was arraigned and allowed to enter a plea and was sentenced. He further alleges that he was not afforded effective assistance of counsel in that his court-appointed attorney did not have adequate time to investigate the basis for the charge to which he entered his plea and the facts and circumstances concerning the crime. Defendant also asserts that at the time of entry of the plea he had been induced to enter this plea by the representation made to him by officers of the State of Oklahoma and the prosecuting attorney, Mr. Curtis Harris, who had represented to him that all crimes for which he could be charged would not be prosecuted in Oklahoma County and throughout the state, and that the detainers against him from the State of Florida would be dismissed; and that further, in consideration of his plea, all such charges and detainers would be withdrawn and the prosecuting attorney would recommend fifty (50) years imprisonment in the state penitentiary for the crime of Robbery with Firearms.

After reviewing these allegations, this Court entered an Order directing that the District Court conduct an evidentiary hearing, the pertinent part of which reads as follows:

"Appellant alleges several assignments of error suggesting that the examination of each of those assignments resulted in his entering a plea of guilty which was not a knowing, free, and voluntary plea of guilty. It is this Court's opinion a material issue of fact has been raised in Appellant's application which the record of the plea of guilty does not sufficiently provide the facts necessary for this Court to review Appellant's guilty plea. See Beavers v. Anderson, 474 F.2d 1114 (Tenth Circuit, 1973).

IT IS THEREFORE THE ORDER OF THIS COURT the District Court of Oklahoma County appoint Appellant counsel and within thirty (30) days from the date of this order conduct an evidentiary hearing upon the allegations contained in his application for post conviction relief."

In accordance with the directive of this Court, defendant was returned from the penitentiary to Oklahoma County and a full-blown evidentiary hearing was conducted at which he was capably represented by Mr. Don Anderson.

The undisputed facts reflect that in the proceedings conducted, the Honorable A. P. Van Meter testified as follows:

"Q. You have been in the courtroom and have heard the testimony of George Allen Johnson, have you not?

A. Yes, sir.

Q. Do you have before you the Summary of Facts on the Defendant's plea of guilty at that particular time?

A. Yes, sir.

Q. Was the defendant advised of his rights at the time that he entered the plea of guilty?

A. Yes, sir. I might make a preliminary statement.

You gentlemen, most of you know that I had an invariable procedure that I followed in any of these matters. I never took any of them except in the courtroom; I never took any of them without having the Defendant facing me directly. I wouldn't permit an attorney to be on either side in such a way he'd interfere with me carrying on a direct conversation with the Defendant, and I'm satisfied, since I wrote

all these answers, that's what I did in this case. Another thing I would like to say, Judge Mills, is, if there were any indication, in any way whatever, that the Defendant had anything that was giving him trouble, that he didn't understand it, anything he wanted to not do, that I would stop at that point and go no further.

Q. Was there any indication to you that the Defendant was mentally deranged or did not know the difference between right and wrong?

A. No, sir, he appeared then just as he does now; that he'd know what he was talking about and understand my questions and understand the answers he gave to them.

Q. At the time of this plea, was he represented by counsel?

A. I was advised that he was represented by Mr. Britton, and the third question in this form indicates that that question was asked and he answered 'yes.'

Q. And who else was in attendance at the time that this—entered a plea of guilty?

A. Mr. Harris himself, the District Attorney."

Although the defendant has alleged that he did not possess sufficient mental capacity to enter the plea and knowingly and intelligently waive his right to a jury trial, with full knowledge of the nature and consequences of such plea, the record refutes this. It affirmatively appears from the testimony of the trial judge who pronounced judgment and sentence, and from the defendant's own testimony, that although he had been observed under court order while in custody of state and federal officials, he had never been diagnosed as suffering any mental disorder. He freely admitted that he had advised the court-appointed counsel, Mr. Arnold Britton, in response to the question concerning his plea of guilty, "Are you sure you want to do this?" that he desired to enter a plea of guilty.

At the conclusion of the evidentiary hearing, when asked if he was satisfied with the representation of Mr. Don Anderson, the Public Defender who represented him at that hearing, he replied that he was not.

■ It is defendant's contention that notwithstanding his desire to enter a plea of guilty after plea bargaining with the prosecuting attorney, Mr. Arnold should have refused to allow him to enter the plea and delayed the proceedings and conducted an investigation. We must conclude, however, that the defendant was not railroaded, but that he exercised his rights. In arriving at this conclusion, while we do not condone speedy disposition of capital cases, we know of no constitutional provision, or federal decision, that forces an attorney to insist that defendant enter a plea of not guilty, against his will, and insist that he proceed to trial.

■ Mr. Curtis Harris emphatically denied advising the defendant that detainers or charges from other counties of the State of Oklahoma, and detainers from other jurisdictions, would be dismissed in exchange for defendant's plea of guilty. Mr. Harris' statement is a correct statement of the law, that he has no authority or jurisdiction for the prosecution or dismissal of other charges arising outside his district, and no authority to dismiss or withdraw detainers filed from other jurisdictions.

While the details of the evidence which might have been produced had the defendant stood trial were not the subject of the evidentiary hearing, significant statements do appear that the defendant had, after his arrest at the airport when his chartered plane was recalled by authorities, and after the proceeds of the robbery were discovered in a suitcase on the plane, made certain admissions to the officers and solicited them to contact the prosecuting attorney to ascertain what his recommendation would be.

The cases cited by defendant of Powell v. Alabama, Nutt v. United States, Pointer v. Texas, Malloy v. Hogan, Goforth v. United States [citations omitted], and others (20 total citations) are unquestionably the law not only of this jurisdiction, but apply with equal force throughout the nation; and while this Court does not presume waiver from a silent record, nor condone "instant justice," it is abundantly clear that the defendant knowingly and intelligently entered a plea of guilty to the offense of Robbery with Firearms, with full knowledge of the nature and consequence of his plea, while represented by competent counsel, and did so because he was guilty. (No where in the pleadings before this Court, or in the trial court at the evidentiary hearing, does the defendant claim that he is innocent, or that he has a valid defense to the charge).

We must conclude that the speed with which the defendant was prosecuted and transported to the penitentiary was at the knowing and intelligent insistence of the defendant, and from even the most cursory examination of his pleadings filed in this Court, and the manner in which he conducted himself at the evidentiary hearing, and also considering his prior experiences with state and federal authorities, there can be no doubt but that the defendant is a person of not only normal intelligence, but has a knowledge and grasp of the criminal law comparable to that of a large number of graduates of accredited law schools.

Having arrived at this conclusion, and in response to his letter of March 13, 1974, George Allen Johnson is advised that he has exhausted his state remedies. He is further advised that should he appeal to the Supreme Court of the United States, and certiorari be granted, or that Court request a copy of the pleadings and proceedings and transcript upon which this opinion is based, the same will be transmitted to them. Should the defendant elect to proceed by collateral attack in the Federal District Court and that Court assumes jurisdiction and requests the records, pleadings and proceedings upon which this opinion is based, the same will be provided them.

For all of the above and foregoing reasons, the Order of the trial court denying post conviction relief is accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.