Shao SHOREZ and Cathy Shorez, Plaintiffs,

v.

The CITY OF DACONO, COLORADO; and Rex Taylor, Police Commissioner and City Councilman; and Everett Conner, Mayor; and Ted Dozanecki, Police Chief; and Dee Boss, Councilwoman; and Stella Roberts, Councilwoman; and Robert Stetson, Councilman; and Barbara Rogers, Councilwoman; and Charlie Sabados, Councilman; in their Official and Individual Capacities; and Peter Goter, City Attorney, in his Official Capacity.

Civ. No. 82–JM–1327.

United States District Court, D. Colorado.

Nov. 9, 1983.

Edward M. Caswall, Caswall & Pic, Greeley, Colo., for plaintiffs.

Peter Goter, City Atty., Frederick, Colo., Daniel M. Fowler, Wood, Ris & Hames, P.C., Randall A. Rinquist, Watson, Nathan & Bremer, P.C., Denver, Colo., for defendants.

## ORDER

JOHN P. MOORE, District Judge.

THIS MATTER comes before the Court on plaintiffs' motion for partial summary

judgment and defendants' motion for summary judgment.[1] Both plaintiffs' and defendants' motions address the issue of the constitutionality under the United States Constitution of Ordinance 268 of the Municipal Code of the City of Dacono. Ordinance 268, now amended, restricts by age and time periods persons who may play or otherwise operate coin-operated video games.

Plaintiffs are the owners and operators of Sam's Super Foods in Dacono. During the time period relevant to this action, plaintiffs had installed in their store eight or nine video game machines. Soon after the enactment of Ordinance 268, the Dacono police began citing plaintiffs for violations of the ordinance.[2] After receiving repeated citations, plaintiffs instituted this challenge to the ordinance on their own behalf and on behalf of minors and parents whose rights are affected by the statute. Plaintiffs allege that the ordinance is unconstitutional, both on its face and as applied, on the grounds that it violates due process and equal protection and impermissibly invades protected rights of association, property, privacy, and fundamental family rights. Defendants deny that the ordinance is unconstitutional and assert that it is rationally related to a legitimate governmental interest.

Dacono Municipal Ordinance 268, which preceded the current Ordinance 280, provided, in pertinent part, as follows:

No person under the age of 18 years shall be allowed by licensee to play or operate any coin operated game, machine or device during the school year before the hours of 4 p.m., on Monday through Friday, unless accompanied by a parent or guardian, and no one under the age of 16 years shall be allowed by licensee to play or operate these games, machines

and devices unless accompanied by a parent or guardian.

The stated purpose of the ordinance was to discourage truancy and juvenile crime which the City Council believed to be associated with the increased use of video games by school children. Slightly more than a year after the enactment of Ordinance 268, the City Council amended that ordinance by enacting Ordinance 280, which states, in pertinent part, as follows: "No person under the age of 16 years shall be allowed by licensee to play or operate any coin-operated game, machine or device during school hours on days school is in session, unless accompanied by a parent or guardian." The purposes of Ordinance 280 are the same as those expressed for the prior statute.

Plaintiffs urge this Court to adopt the reasoning of the Court of Appeals for the Fifth Circuit in *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029 (5th Cir. 1980), *rev'd in part and remanded*, 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). In that case, it was held that under both the Texas state constitution and the United States Constitution, a city ordinance which prohibited children under the age of 17 from playing video games unless accompanied by a guardian was violative of equal protection and due process. The court held that under a rational relationship test, the statute had no rational relationship to the asserted governmental interests; and under a strict scrutiny test, the statute impermissibly interfered with fundamental rights of freedom of association. On appeal, the United States Supreme Court declined to reach the issue of whether the ordinance violated federal constitutional principles because the holding under Texas law provided adequate and independent grounds for decision.

---

1. "Defendants" refers to all defendants except Ted Kozanecki and Rex Taylor. Defendants' motion addresses only the first, second, fifth, sixth, seventh, eighth, and ninth claims for relief.

2. The ordinance allows criminal sanctions to be imposed upon licensees of coin-operated games and machines who violate the ordinance. All

pending prosecutions against plaintiffs for alleged violations of Ordinance 268 have been stayed, and the issuance of further citations has ceased pursuant to stipulation by the parties until there has been a determination by the Court on the merits of plaintiffs' claims for relief.

In my opinion, *Aladdin's Castle* is inapposite for several reasons. First, there are obvious differences between the Mesquite city ordinance and both the former and current Dacono ordinances. In particular, the Mesquite ordinance represented a much broader restriction than does the Dacono ordinance.[3] Ordinance 280 is specifically tailored to achieve the asserted interest of preventing truancy. Second, I disagree with the reasoning in *Aladdin's Castle,* particularly insofar as that case found that the challenged ordinance was subject to a strict scrutiny analysis.

Equal protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. *Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). It is my conclusion that the ordinance in question here involves neither.

The classification drawn by the Dacono city ordinance is one based upon age, and age classifications are to be upheld so long as they are rationally related to the legislative purpose. *Massachusetts Bd. of Retirement v. Murgia, supra; Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Further, contrary to the arguments of plaintiff, I fail to see that there are any fundamental rights violated by an ordinance which simply prohibits school children from playing coin-operated video games when school is in session. Statutes which restrict the activities of minors or which require parental supervision for minors to engage in certain activities do not necessarily violate the minors' rights of association or impermissibly interfere with parents' rights to choose how to raise their children. *Bykofsky v. Middletown,* 401 F.Supp. 1242 (M.D.Pa.1975),

*aff'd,* 535 F.2d 1245 (3d Cir.1976), *cert. denied,* 429 U.S. 964, 97 S.Ct. 394, 50 L.Ed.2d 333 (1976).

Having found that strict scrutiny is not required, the statute must then be reviewed under the rational relationship test. Plaintiffs have submitted extensive material which they believe proves that video games are not detrimental to the development of children and that the concerns of the Dacono City Council are unsubstantiated. Nevertheless, in reviewing the Dacono ordinance, I am mindful that the role of the judiciary is not to second guess the legislative body, but to determine whether the challenged statute comports with the Constitution. As stated in *Vance v. Bradley, supra,* 440 U.S. at 97, 99 S.Ct. at 942:

> The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted. Thus, we will not overturn such a statute unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.

This cautionary statement is particularly pertinent to the present case. To the extent that the original ordinance was imprecise in achieving the governmental purpose, that problem has been remedied in the course of the political process.

In my opinion, the challenged ordinance satisfies the requirements of substantive due process. The rational relationship test requires first that the legislation have a legitimate public purpose based on the promotion of the public welfare, health, or safety and, second, that it bear a rational relation to the end it seeks to accomplish.

---

**3.** The Mesquite ordinance prohibited all persons under the age of 17 from playing video games unless accompanied by a parent or guardian. It should be noted that the plaintiff in *Aladdin's Castle* enforced voluntary regulations which prohibited school children from playing the games during school hours. Thus, the enforcement of the Mesquite ordinance appeared to be arbitrary, discriminatory, and unrelated to the prevention of truancy.

*City of New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). The stated purpose of the Dacono municipal ordinance is the abatement of truancy. This goal is clearly one that is a proper public purpose.[4] Thus, the question becomes whether the ordinance is rationally related to that governmental interest.

■ Plaintiffs argue that the statute is both under-inclusive and overly broad because it prohibits some children from playing video games during certain hours despite the fact that those children might not be required to be in school, and the ordinance restricts children from playing only coin-operated games while making no restrictions on other amusements which might equally contribute to truancy. Yet, there is no requirement that an ordinance maintain a perfect fit between the end sought to be accomplished and the means used. So long as the objective and the means are rationally met, the fact that the ordinance could be improved does not imperil the law. *See United States Railroad Retirement Board v. Fritz,* 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). It is my conclusion that the Dacono ordinance, both as originally enacted and as amended, is rationally related to the legitimate public purpose of preventing truancy; and, consequently, it must stand as the properly enacted legislative judgment of the defendant city.

Therefore, it is

ORDERED that plaintiffs' motion for partial summary judgment is denied, and it is

FURTHER ORDERED that defendants' motion for summary judgment is granted. In accordance with this order, plaintiffs' first, second, fifth, sixth, seventh, eighth, and ninth claims are dismissed with prejudice.

4. *See Aladdin's Castle, supra* at 1039, where the Court assumed that the prevention of truancy

was a legitimate governmental purpose.