Ed CALLAWAY, Appellant,

v.

CITY OF EDMOND, Appellee.

No. M–89–83.

Court of Criminal Appeals of Oklahoma.

April 24, 1990.

Rehearing Denied May 31, 1990.

Charles W. Stubbs, Stubbs and Goodman, Oklahoma City, for appellant.

Stephen T. Murdock, John E. Dorman, Edmond, for appellee.

## OPINION

JOHNSON, Judge:

Appellant, Ed Callaway, was convicted in the District Court of Oklahoma County, Case No. CA–87–132, for violation of Chapter 4.32.010 of the Edmond Municipal Code, (IV Counts), which prohibits the admission of persons under eighteen years of age to enter any pool hall, snooker parlor, billiard parlor, or similar place of business. He was fined $70.00 for each count, with all fines and costs suspended.

On the evening of September 18, 1987, Edmond Police Officers Jeff Brewer and Tony Fike were sent to an establishment in Edmond known as the "Tiger's Den," to investigate a complaint that minors were on the premises, in violation of Chapter 4.32.010 of the Edmond Municipal Code. Such Chapter provides:

> It shall be an offense for any person or persons owning or operating for pay or for commercial purposes a pool hall, snooker parlor, billiard parlor, or similar place of business within the corporate limits of the City of Edmond, to permit any person under the age of eighteen years of age to enter such place of business or room where such games are played or are being played. Under no conditions shall a person under eighteen years of age be allowed to play any such game in such establishment within this City.

Upon entry, the officers observed several young persons, many of whom were playing pool. The officers detained several of the individuals and after determining that they were in fact under eighteen years of age, issued appellant the citations which are the subject of this appeal.

Appellant argues that the city ordinance is unconstitutional because it denies persons under the age of eighteen their right to freedom of association. We disagree.

In *City of Dallas v. Stanglin*, 490 U.S. ——, 109 S.Ct. 1591, 104 L.Ed.2d 18 (1989), the Supreme Court held that a Dallas city ordinance, which restricted the ages of admission to a certain class of dance halls to persons between the ages of 14 and 18, did not violate the patrons' associational rights under the Federal Constitution. In *Stanglin*, the Supreme Court noted two different sorts of "freedom of association" that are protected by the United States Constitution. The first is the choice to enter into and maintain certain intimate human relationships. The second is the right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion. *Id.*, 109 S.Ct. at 1594, 104 L.Ed.2d at 25. The Supreme Court found that the patrons were not engaged in the sort of intimate human relationships envisioned by the Constitution nor were the patrons taking positions on public questions or performing any similar expressive association protected by the Constitution. In conclusion, the Court held that the Constitution does not recognize a generalized right of "social association" that included, as in that case, chance encounters in dance halls. *Id.*

Applying the principle of *Stanglin* to the facts of this case, we likewise find that the patrons of the "Tiger Den" have not been denied their constitutional right of association. Clearly, the association in the "Tiger Den" in the present case would be classified as a social association because the patrons were not involved in an activity that qualifies as a form of intimate association or expressive association protected by the Federal Constitution.

The appellee contends that Chapter 4.32.-010 is a valid exercise of municipal authority pursuant to 11 O.S.1981, § 22–108 which grants municipalities the power to restrict or prohibit gaming and gambling within their corporate limits. Citing *Ex Parte Draughn*, 55 Okl.Cr. 139, 26 P.2d 437 (1933), *Whitson v. City of Ada*, 171 Okl.

491, 44 P.2d 829 (1935), *Whitson v. City of Cherokee,* 173 Okl. 208, 46 P.2d 907 (1935), and *Whitson v. City of Kingfisher,* 176 Okl. 145, 54 P.2d 616 (1936), appellee claims that the courts of this State have long upheld similar municipal ordinances enacted pursuant to the same statute. However, a review of those cases reveals that the city ordinances in question prohibited any operation of pool halls within the city limits. Thus, the ordinances relied upon by appellee are distinguishable from the ordinance in this case in that they constituted a total ban on pool halls and not a limitation on who could play.

Justice Opala stated in *Black v. Ball Janitorial Service Inc.,* 730 P.2d 510, 512 (Okl.1986) that "We recognize at the outset that there is a strong presumption which favors the constitutionality of legislative acts. The reviewing court will uphold the statute unless it is clearly, palpably and plainly inconsistent with our fundmental law." The Justice also held that there must be a "... reasonable relation to the legitimate objectives and purposes of the legislation." *Ball supra.* The question then is if the ordinance has such a rational relationship to a legitimate state purpose or objective.

◼ While we agree with appellee that 11 O.S.1981, § 22–108 grants municipalities the authority to suppress gaming and gambling within their city limits, any ordinance enacted pursuant to the statute cannot run afoul of constitutional guarantees. While the Oklahoma Constitution does not contain a provision identical to the equal protection clause in the federal constitution, it is well established that a like guarantee exists within our state constitution's due process clause.[1] *See Fair School Finance Council of Oklahoma, Inc. v. State of Oklahoma,* 746 P.2d 1135, 1148 (Okl.1987). Furthermore, Oklahoma has adhered, since 1908, to a more sensitive view of the XIVth Amendment's Equal Protection Clause. *See Chicago, R.I. & P. Ry. Co. v. Mashore,* 21 Okl. 275, 96 P. 630, 634–635 (1908); *Oligschlag-*

*er v. Stephensen,* 24 Okl. 760, 104 P. 345 (1909); *Keaton et. al. v. Branch,* 104 Okl. 287, 231 P. 289 (1925); and *Parkhill Truck Company v. Reynolds,* 359 P.2d 1064, 1067–1068 (Okl.1961). *See also Thayer v. Phillips Petroleum Co.,* 613 P.2d 1041, 1045 (Okl.1980). After a review of the Edmond city ordinance, we find that it violates the due process clause of the Oklahoma Constitution.

◼ There are two standard tests used to review legislative classifications, in this case a city ordinance, involving the equal protection clause. The first is the basic and conventional standard for reviewing discrimination or differentiation of treatment between classes of individuals. This standard requires merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate State purpose. *Thayer,* 613 P.2d at 1044 (Okl.1980). The classification must be neither arbitrary nor capricious, and it must bear a rational relationship to the objective sought to be accomplished. *Id. See also Texas Oklahoma Express v. Sorenson,* 652 P.2d 285, 290 (Okl.1982). A more stringent test is applied in cases involving suspect classifications which touch on fundamental interests. Under this standard, the State bears the burden of establishing, not only that it has a compelling interest which justifies the law, but that the distinctions drawn by the law are necessary to further its purpose. *Thayer, supra.* Having found that no fundamental rights are involved in this case, the ordinance must then be viewed under the rational relationship test. *See Shorez v. City of Dacono, Colo.,* 574 F.Supp. 130, 133 (D.Colo.1983) (age classifications are to be upheld so long as they are rationally related to the legislative purpose).

Under the first prong of the rational relationship standard, we must determine whether the city ordinance has a legitimate public purpose. The purpose of the ordinance is to prohibit admission of minors to

---

1. Our due process clause in Art. 2 § 7, Okl. Const., has a definitional range that is coextensive with its federal counterpart, and the Oklahoma Supreme Court has accordingly recog- nized the presence of the same equal protection component in our own due process clause. *McKeever Drilling Co. v. Egbert,* 170 Okl. 259, 40 P.2d 32, 35 (1935).

pool halls, snooker or billiard parlors, or similar businesses, in an attempt to curb gambling. Clearly, an attempt to inhibit gambling is a proper public purpose.

In *Shorez v. City of Dacono, Colo.*, 574 F.Supp. 130 (D.Colo.1983), a municipal ordinance of the City of Dacono restricted by age and time periods persons who could play or operate coin-operated video games. The ordinance effectively prohibited school age children from playing coin-operated video games while school was in session, in an attempt to prevent truancy. The court upheld the statute as rationally related to a legitimate public purpose.

Unlike the ordinance in *Shorez*, we find that the Edmond city ordinance is not rationally related to the ultimate objective of regulating gambling. Singling out poolhalls or other similar businesses from all other amusement establishments is an act of discrimination, not policy. Common sense indicates that if young people wanted to gamble, they would wager on other forms of amusement involving tests of personal skill or ability such as pingpong, pinball, or putt-putt. Such a list is not meant to be exhaustive, but rather, illustrative of the fact that a ban on poolhalls does not further the goal of the ordinance. Indeed, the record does not indicate that gambling has ever been observed at the "Tiger's Den." Mere presence cannot be equated with illegal conduct. We do not doubt that a city has a legitimate interest in protecting its young people from certain unhealthy influences. However, gambling has been criminalized and should be vigorously prosecuted. We simply find that the present ordinance sweeps too broadly and cannot be justified under our State constitution as the ordinance does not bear some rational relationship to a conceivable legitimate state purpose. *Compare Aladdin's Castle, Inc., v. City of Mesquite*, 630 F.2d 1029 (5th Cir.1980), *rev'd in part*, 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982), *on remand*, 713 F.2d 137 (5th Cir.1983).

When an ordinance seeks to operate upon a class, the classification must not be capricious or arbitrary and it must furnish a rational, and hence constitutionally permissible, basis for discrimination. *Wilson v. Foster*, 595 P.2d 1329 (Okl.Cr.1979). *Overruled on other grounds*, 743 P.2d 1041, 1042 (Okl.1987).

The judgment and sentence is REVERSED and REMANDED with instructions to DISMISS.

PARKS, P.J., LANE, V.P.J., and BRETT and LUMPKIN, JJ., concur.