Kenneth B. SAWATZKY, Appellant,

v.

The CITY OF OKLAHOMA
CITY, Appellee.

No. M–94–1309.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1995.

Mark Henricksen, Oklahoma City, for Defendant at trial.

Michael Porter, Mike Fouts, Assistant Municipal Counselors, Oklahoma City, for City at trial.

Mark Henricksen, Henricksen & Henricksen Lawyers, Inc., El Reno, for Appellant on appeal.

William O. West, Municipal Counselor, Michael Porter, Assistant Municipal Counselor, Oklahoma City, for Appellee on appeal.

## OPINION

CHAPEL, Vice Presiding Judge.

Kenneth B. Sawatzky was found guilty by a jury on November 14, 1994, of Offering to Engage in an Act of Lewdness in violation of

Oklahoma City Municipal Code 1993, Chapter 30, Section 30–152, in Oklahoma City Municipal Court, Case No. 94–4237631. Sawatzky was formally sentenced on December 1, 1994. He was fined $250.00 and ordered to pay $105.00 in court costs. Sawatzky applied to place his appeal on the Accelerated Docket of this Court pursuant to Rule 11.3 of the *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1995, Ch. 18, App. The appeal was thereafter assigned to the Accelerated Docket. On February 13, 1995, Sawatzky filed a Motion for Removal from the Accelerated Docket that was subsequently denied.

■ This case is neither about the regulation of conduct between consenting adults in the privacy of their bedrooms, nor the legal status to be provided to homosexual persons. Fundamentally, this case is about whether Oklahoma City may legally prohibit public solicitations for private non-commercial acts of sodomy. Sawatzky solicited an act of lewdness [1] in a public place from a police officer. The act solicited was intended to take place in private and Sawatzky and the officer are members of the same gender. In this context it is clear that Sawatzky is not entitled to relief.

In his first proposition of error Sawatzky claims that Sections 30–151 and 30–152 violate his right to privacy as guaranteed under the Oklahoma Constitution. This Court has yet to reach the question of whether the right to privacy extends to private non-commercial sodomy between consenting adults of the same gender,[2] and the United States Supreme Court has expressly refused to extend the equivalent right under the federal constitution to individuals who engage in such conduct.[3] We decline to reach the issue here because this case involves a public solicitation and nothing more.

In his second and third propositions Sawatzky claims that Sections 30–151 and 30–152 violate his right to equal protection. The second proposition is based on the state constitution and the third proposition is based on the federal constitution. The right to equal protection guaranteed under Oklahoma's Constitution has consistently been interpreted as coextensive with the right to equal protection guaranteed under the federal constitution.[4] Consequently, we address these propositions together.

Sawatzky invites this Court in his second and third propositions to determine whether same sex adults may lawfully engage in private non-commercial consensual sodomy. We declined to reach this issue in *Post* because the facts of that case did not warrant such a determination.[5] Likewise, the facts of Sawatzky's case do not warrant a determination of this issue and we do not address it.

---

1. Oklahoma City defines lewdness as:
   a. any lascivious, lustful or licentious conduct,
   b. the giving or receiving of the body for indiscriminate sexual intercourse, fellatio, cunnilingus, masturbation, anal intercourse, or lascivious, lustful or licentious conduct with any person not his or her spouse, or
   c. any act in furtherance of such conduct or any appointment or engagement for prostitution.
   Oklahoma City Municipal Code 1993, Chapter 30, § 30–151. This definition may be overbroad from a constitutional standpoint. In addition to proscribing acts of sodomy it also proscribes vaginal intercourse and masturbation. However, this Court addresses only the fellatio portion of this definition, clearly an act of sodomy, because it is the only portion implicated by the facts of this case and because Sawatzky failed to attack the ordinance as overbroad.

2. *Post v. State*, 715 P.2d 1105, 1110 (Okl.Cr.), *cert. denied*, 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986) ("We do not reach the question of homosexuality since the application of the statute to such conduct is not an issue in this case. Our holding today is simply to declare unconstitutional the application of section 886 to the facts of this case."). For a thorough discussion of Oklahoma's sodomy jurisprudence, *see* Larry Catá Backer, *Raping Sodomy and Sodomizing Rape: A Morality Tale About the Transformation of Modern Sodomy Jurisprudence*, 21 Am. J.Crim.L. 37 (1993).

3. *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986).

4. *Callaway v. City of Edmond*, 791 P.2d 104, 106 n. 1 (Okl.Cr.1990) ("Our due process clause in Art. 2 Sec. 7, Okl. Const., has a definitional range that is coextensive with its federal counterpart...").

5. *Post*, 715 P.2d at 1110.

This case involves a public solicitation for acts defined by Oklahoma City as lewd under Section 30–151. Section 30–151(1)(b),[6] creates an exception for married persons in the definition of lewdness. The married person exception is the only distinction between groups contained in the text of Sections 30–151 and 30–152. Because Sawatzky is not a member of a suspect or quasi-suspect class, we will examine Sawatzky's equal protection claim under the rational basis test. Among other things Sections 30–151 and 30–152 are designed to protect persons from being asked by others to engage in sexual activity. Protecting citizens from solicitations for sexual acts is a legitimate governmental interest.[7] The distinction found in Section 30–151, exempting married persons from the definition of lewdness, logically recognizes that such solicitations may be a consequence of the marital relationship.[8] Therefore, we hold that the married person exception is rationally related to a legitimate governmental interest and does not violate the right to equal protection guaranteed by the Oklahoma and federal constitutions.[9]

In his final proposition of error Sawatzky contends that Sections 30–151 and 30–152 violate his rights under Article 1, Section 2 of the Oklahoma Constitution. Essentially Sawatzky's claim is that Sections 30–151 and 30–152 are impermissibly founded on religious beliefs in violation of the establishment clause. This claim is unsupported by the record and is denied.

LUMPKIN and LANE, JJ., concur.

STRUBHAR, J., dissents.

STRUBHAR, Judge, dissenting.

The majority in its opinion has stated that this case is not about the regulation of conduct between consenting adults in the privacy of their bedrooms or about the legal status to be provided to homosexual persons. Rather, it has held that this case is about whether Oklahoma City may legally prohibit public solicitations for private non-commercial acts of sodomy. Under the specific facts of this case, I agree that this limited approach is appropriate. It is with the majority's ensuing analysis that I disagree.

6. "[T]he giving or receiving of the body for indiscriminate sexual intercourse, fellatio, cunnilingus, masturbation, anal intercourse, or lascivious, lustful or licentious conduct *with any person not his or her spouse* [.]" (emphasis added). Although the dissent seems to indicate that a married person would be permitted under the statute to publicly solicit any person for the purpose of engaging in private non-commercial consensual sodomy, this is clearly not the case. The married person exception applies only to solicitations made by persons who are married to each other.

7. We are aware that our holding implicates other constitutional provisions including the First Amendment right to free speech. The free speech issue is significant and cannot be ignored even though we are declining, in this case, to decide whether or not same sex sodomy is lawful. The issue arises because it is generally recognized that government should not prohibit the solicitation of conduct that is not unlawful. Other courts have struggled with this problem and have reached to resolve the issue with questionable application of existing rationales such as the "fighting words" doctrine. *State v. Phipps*, 58 Ohio St.2d 271, 277–79, 389 N.E.2d 1128, 1133–34 (1979). In our view, reasonable prohibitions against soliciting sexual acts do not violate the First Amendment whether the underlying conduct is lawful or unlawful. Our view is based upon the unique status of sexual conduct in our

culture. In our community, some forms of overt sexual conduct, including the solicitation of some sexual acts, is simply not appropriate in public places. To suggest that government cannot prohibit such solicitation is unfathomable. Of course, equally pernicious are those laws which go too far in trying to regulate our private activities. As noted above, the ordinances in question, §§ 30–151 and 30–152, may very well go too far in attempting to regulate private activities. *Supra* note 1. As applied in this case, however, Sawatzky's First Amendment rights were not violated.

8. We are of the opinion that within the marital relationship the parties to the relationship impliedly consent to sexual solicitations (not sexual acts) and, thus, the City's exception of married persons is entirely reasonable and rationally related to the purposes of the ordinances.

9. On facts similar to this case the Kentucky Supreme Court found that a statute prohibiting homosexual sodomy was unconstitutional under the Kentucky Constitution. *Commonwealth v. Wasson*, 842 S.W.2d 487 (Ky.1992). Wasson was actually charged under a statute that made solicitation for any criminal offense unlawful. *Id.* at 488. Although factually similar, *Wasson* is not helpful in this case because it is based solely on Kentucky's Constitution which is substantially different from Oklahoma's Constitution.

The opinion notes that the sections of the Oklahoma City ordinance under which Appellant was convicted exempt married persons from the definition of lewdness.[1] Accordingly, non-married persons can be convicted of offering to engage in certain acts which are legal for married persons to solicit. It is the reasoning of the majority that it is lawful to distinguish between married persons and non-married persons for purposes of solicitation of lewd acts because such solicitations are a consequence of the marital relationship to which its parties have impliedly consented. Although ambiguous, this language seems to imply that dissimilar treatment of married and non-married persons is justified because public solicitation of lewd acts by non-married persons is likely to offend whereas solicitation to participate in lewd acts by married persons to one another is not. Accordingly, the majority seems to indicate that there is a legitimate governmental interest in protecting unmarried persons from offensive solicitations to engage in lewd acts.

Assuming, arguendo, that this is a valid governmental interest, I would note that such situation was not implicated by the facts of this case. The record in this case clearly supports a finding that the language spoken by Appellant which was construed to be an offer to engage in lewd acts was not made under circumstances which could reasonably have been perceived to have been offensive. Rather, as is evinced by the testimony of the arresting officer, Appellant was purposefully led to believe that a sexual solicitation would be welcome. Nothing in this situation indicated that the solicitation was unwelcome or offensive. Although the majority opinion states in footnote 7 that "reasonable prohibitions against soliciting sexual acts do not violate the First Amendment whether the underlying conduct is lawful or unlawful" the municipal ordinance prohibits both invited and offensive solicitations and to this extent, it imposes unreasonable restrictions. Accordingly, I dissent.

1. *See* Oklahoma City Municipal Code Sections 30–151 and 30–152.