1998 OK CR 42

Jay Lee ALLEN, Petitioner,

v.

The CITY OF OKLAHOMA CITY, Respondent.

No. C–97–1678.

Court of Criminal Appeals of Oklahoma.

July 6, 1998.

Joel L. Carson, Oklahoma City, trial counsel, for Defendant at trial.

Carol Garrett, Asst. Municipal Counselor, Oklahoma City, trial counsel, for Municipality at trial.

Vance W. Armor, Oklahoma City, for Petitioner on appeal.

William O. West, Municipal Counselor, Carroll Garrett, Assistant Municipal Counselor, Oklahoma City, for Respondent on appeal.

## OPINION DENYING PETITION FOR WRIT OF CERTIORARI AND RE-MANDING FOR RESENTENCING

CHAPEL, Presiding Judge.

¶ 1    Jay Lee Allen pleaded no contest to Offering to Engage in an Act of Lewdness in violation of Oklahoma City, Okla., Rev. Ordinances, art. VII, §§ 30–151 and 152 (1993) (hereinafter Ordinances 30–151 and 30–152), in Oklahoma City Municipal Court Case No. M–97–57384. On October 23, 1997, the Honorable J. Gid Bryan sentenced Allen to fifteen days in jail and fined him $750.00.[1]

Allen's application to withdraw his guilty plea was denied on December 3, 1997, and from this denial Allen now appeals.

¶ 2    Allen raises the following propositions of error in support of his petition for Writ of Certiorari:

I.    The trial court erred in implementing the unconstitutional mandatory sentencing scheme prescribed under Ordinance 30–152 without considering a suspended or deferred sentence;

II.    Ordinances 30–151 and 152 are unconstitutionally overbroad and impair constitutionally protected free speech, and thus, the ordinances must be declared unconstitutional and the conviction vacated;

III.    Ordinances 30–151 and 152 are unconstitutionally vague and ambiguous and fail to provide fair warning of what conduct is proscribed in violation of the Due Process Clauses of the State and Federal Constitutions; and

IV.    Certiorari must be granted and the conviction vacated because the trial court erred by summarily overruling the application to withdraw the plea without holding an evidentiary hearing.

¶ 3    After thorough review of the entire record on appeal including the original record and supplemented original record, transcripts, briefs and exhibits of the parties, we affirm the trial court's denial of Allen's application to withdraw his guilty plea but remand the case for resentencing.

■    ¶ 4    Proposition I is properly before us, as this Court has previously held that one may challenge the legality of one's sentence on certiorari appeal.[2]    Regarding Allen's claim, we hold that the sentencing scheme provided for in Ordinance 30–152(b)(1) (mandating that a minimum of fifteen days be served in jail)[3] is in direct

---

1.    Judge Bryan allowed Allen to remain out of custody on an appeal bond during the pendency of this certiorari appeal.

2.    *Lozoya v. State,* 1996 OK CR 55, ¶ 26, 932 P.2d 22, 30.

3.    Petitioner's Motion to Include Matters Designated in the Supplemental Designation of Record Within the Original Record is granted.

conflict with 11 O.S.1991, § 28–123(B) (empowering municipal judges to modify, reduce, suspend or defer the imposition of a sentence or any part thereof and authorize up to six months probation). City ordinances may not run counter to the general laws of the state as enacted in statutes.[4] Because the judge in this case stated on the record that he did not believe he had the discretion to suspend or defer Appellant's sentence, we must remand the matter for resentencing.[5] In doing so, we stress that we do not find error in the trial court's failure to suspend or defer Allen's sentence, but rather in the court's failure to consider those options.[6]

¶5 In Proposition II, Allen argues that Ordinances 30–151 and 30–152 are overbroad[7] because they potentially encompass situations between consenting adults who may be boyfriend and girlfriend, friends discussing their love lives, or friends who speak to another individual regarding sex with one of the friends. These, however, are not the situations in which Allen was involved. Allen, a married man, solicited sex from an Officer, not his wife, in an Oklahoma City park. This is the exact behavior that the ordinances were intended to cover, and the behavior falls within the legitimate governmental interests identified in *Sawatzky v. City of Oklahoma City*.[8] The ordinances in question prohibit offers to engage in prostitution or lewdness or offers to solicit, induce, entice or procure another to do so.[9] We interpret them to prohibit only language made with the intent to engage in prostitution or lewd behavior, which is a narrowly defined class of language. Further, the behavior which the ordinance seeks to prohibit falls within that which is the concern of public peace, health, order, morals and safety

---

4. *Johnson v. City of Tulsa*, 97 Okl.Cr. 85, 258 P.2d 695, 702 (1953) (where ordinance prohibited same offense as state statute, but ordinance provided for 20 days in jail whereas under statute no jail sentence could be imposed, the imposition of a 20 day sentence by municipal judge was void because *ordinances may not provide greater punishment than that provided by statute*). *See also Ex parte Pappe*, 88 Okl.Cr.166, 201 P.2d 260, 263 (1948) (ordinance prohibiting sale of 3.2 beer on Sunday held invalid where ordinance was contrary to the general law of the State permitting the sale of 3.2 beer on Sunday, except between the hours of 2:00 o'clock a.m. and 1:00 o'clock p.m.: *"[A] municipality may not pass any ordinance that conflicts with the general statute."*) (emphasis added); *Ex parte Gammel*, 89 Okl.Cr. 400, 408, 208 P.2d 961, 965 (Okl.Cr. 1949) (where ordinance conflicts with general law of the state, ordinance must give way). *And see Dillon v. City of Tulsa*, 1954 OK CR 91, ¶6, 273 P.2d 145, 149 (ordinance regarding concealment of weapons in automobiles upheld only because it and state statute on same topic were substantially the same as applied; Ordinance did not conflict with or run counter to the statute).

5. "[I]f a judge admits, on the record, that he believes he has no discretion, and it is later determined that he in fact had discretion, then he has committed an error of law," and this Court will remand the matter for resentencing. *Walker v. State*, 1989 OK CR 65, ¶5, 780 P.2d 1181, 1183 (where petitioner's guilty pleas were valid but trial court erroneously decided he could not consider sentencing option of running sentences concurrently, this Court would not allow Petitioner to withdraw pleas, but remanded case for resentencing). *See also Lozoya* ¶¶ 22, 23, 932 P.2d at 30 (at sentencing after entrance of guilty plea, trial court erroneously ruled provisions of the Delayed Sentencing Program for Young Adults, which would have allowed imposition of a suspended sentence, were not available to Petitioner; case remanded for resentencing); *Day v. State*, 1989 OK CR 83, ¶21, 784 P.2d 79, 85.

6. *Lozoya*, ¶ 23, 932 P.2d at 30.

7. The overbreadth doctrine evolved from the need to protect certain freedoms guaranteed by the Constitution from governmental intrusion. *See Conchito v. City of Tulsa*, 1974 OK CR 82, ¶6, 521 P.2d 1384, 1386. Thus, an ordinance seeking to punish speech may be constitutional only so long as there is a compelling state interest and the words come within certain narrowly defined classes of speech. *See id.* at 1387.

8. 1995 OK CR 69, ¶6, 906 P.2d 785, 787, *cert. denied*, 517 U.S. 1156, 116 S.Ct. 1544, 134 L.Ed.2d 647 (1996).

9. Ordinance 30–152(a) states: "No person shall, in a public place, engage in or offer to engage in any act of prostitution or other act of lewdness or to solicit, induce, entice, or procure another to commit or engage in any act of prostitution or other act of lewdness." Lewdness is defined in Ordinance 30–151(1)(a–c) as: "(a) any lascivious, lustful or licentious conduct, (b) the giving or receiving of the body for indiscriminate sexual intercourse, fellatio, cunnilingus, masturbation, anal intercourse, or lascivious, lustful or licentious conduct with any person not his or her spouse, or (c) any act in furtherance of such conduct or any appointment or engagement for prostitution."

and is therefore a legitimate state interest.[10] This Proposition is denied.

■ ¶ 6 In Proposition III, Allen claims Ordinances 30–151 and 30–152 are unconstitutionally vague and ambiguous because they do not warn potential violators of the ordinances as to what conduct is prohibited. Such challenges fall under the Due Process Clause and the failure to provide the required notice.[11] Vagueness challenges are overcome by a showing that reasonable people would know that their conduct is at risk.[12] The test adopted by this Court states that a statute proscribing or requiring certain conduct is only unconstitutionally vague when "men of common intelligence must necessarily guess at its meaning and differ as to its application."[13] This is not the case with the ordinances before us today. Ordinance 30–152 prohibits an individual from offering or engaging in prostitution, lewdness, or solicitations of such in a public place. Ordinance 30–151 sets forth definitions. We fail to see how a reasonable person would not understand the clear meaning of these prohibitions or be left guessing as to which situations they apply. This Proposition is without merit.

■ ¶ 7 In Proposition IV, we find that under the particular facts of this case, it is irrelevant that no evidentiary hearing was held on Allen's motion to withdraw his plea. This is because Allen is not challenging the voluntariness of his plea or in any way contending that it was entered in violation of the mandates of *King v. State*.[14] Because the *King* requirements were met, the trial court

did not abuse its discretion in denying Allen's motion without a hearing.[15] As this Court has stated in the past:

> [A plea is sufficient to withstand direct or collateral attack] if the record affirmatively reflects that the defendant knowingly and intelligently entered a plea of [no contest], with full knowledge of the nature and consequence of such plea and waived his right to a jury trial and/or the right to be represented by counsel. *If these requirements are reflected by the record, or can be established, then the judgment and sentence rendered on the plea of [no contest] should not be disturbed for a failure to comply with a ritualistic formula.*[16]

■ ¶ 8 And even if failure to hold the hearing was error, the error is certainly harmless because: (1) Allen is not alleging that his plea was involuntary or that he is innocent, and (2) the record clearly demonstrates he does not have valid grounds for withdrawing his plea.[17] This Proposition must fail.

## DECISION

¶ 9 Accordingly, the judgment of the trial court denying Allen's motion to withdraw his plea is **AFFIRMED**. However, the case is **REMANDED** to allow the court to consider all of its sentencing options.

STRUBHAR, V.P.J., dissents.

LUMPKIN, J., concurs in results.

LANE and JOHNSON, JJ., concur.

10. *See Moore v. City of Tulsa*, 1977 OK 43, ¶ 2, 561 P.2d 961, 963.

11. *See State v. Johnson*, 1992 OK CR 72, ¶ 7, 877 P.2d 1136, 1140.

12. *See id.*

13. *State v. Saunders,*, 1994 OK CR 76, 96, 886 P.2d 496, 497.

14. 1976 OK CR 103, 553 P.2d 529. An independent review of the record in Allen's appeal does indicate his plea was knowingly and voluntarily entered.

15. *Billings v. State*, 1987 OK CR 123, 738 P.2d 554, 555.

16. *State v. Durant*, 1980 OK CR 21, ¶ 2, 609 P.2d 792, 793 (emphasis added) (citation omitted).

17. *Randall v. State*, 1993 OK CR 47, ¶ 7, 861 P.2d 314, 316. The record in this case is sufficient, even absent evidence produced at an evidentiary hearing, to demonstrate substantial compliance with this Court's caselaw regarding plea acceptance procedure. In short, no "material issue of fact has been raised in Appellant's application which the record of the plea of guilty does not sufficiently provide the facts necessary for this Court to review Appellant's guilty plea." *Johnson v. State*, 1974 OK CR 66, ¶ 3, 521 P.2d 93, 94.

LUMPKIN, Judge, concurring in results.

¶1 I join in the Court's decision in this case. However, the Court's statement, "[u]nder Proposition IV, we find that under the particular facts of this case, it is irrelevant that no evidentiary hearing was held on Allen's motion to withdraw his plea" is incorrect. The failure to hold the evidentiary hearing was error. *See* Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (1998). It is the trial court's denial of the application to withdraw plea, as supported by the record from the evidentiary hearing, which is reviewed by this Court on a Petition for Writ of Certiorari. *Id.* That is the analysis the Court should set out in the opinion rather than the legally incorrect statement that it was "irrelevant". I do agree with the Court's harmless error analysis of this error and therefore join in the decision.

STRUBHAR, Vice Presiding Judge, dissenting.

¶1 I continue to dissent as reflected in *Sawatzky v. City of Oklahoma City*, 1995 OK CR 69, 906 P.2d 785 (Okl.Cr.1995), *cert. denied*, 517 U.S. 1156, 116 S.Ct. 1544, 134 L.Ed.2d 647 (1996).